JAMES O. BLACKINTON & another *vs.* ALICE S. BLACKINTON.

A widow, by an antenuptial contract made with her husband upon a consideration "understood between the parties," had renounced all claim upon his estate; a bill in equity brought against her by the executors of that estate, to enforce the contract and to have her enjoined from proceeding at law against the estate, had been dismissed with costs, upon a finding that the contract was made in consideration of an unperformed promise by the husband to make for her an adequate provision as widow. In an action by the executors against her for a breach of the contract in having proceeded at law against the estate, *Held*, that the decree in equity was conclusive evidence against the maintenance of the action.

CONTRACT brought March 3, 1873, by the executors of the last will of Ellis Blackinton, against his widow, for the breach of an antenuptial contract by which "in consideration of the marriage, to be hereafter solemnized between them," it was agreed that he should retain for himself, his heirs and assigns, all his real and personal estate "clear of a'l claim" on her part, and that she should receive out of his estate $100, to be paid within one year after his decease, unless paid by him in his lifetime; "and this provision, with other considerations understood between the parties," was to be "in lieu of dower, and all other legal rights and claims and provisions of law," to which she would be otherwise entitled.

The declaration alleged, "that said Ellis Blackinton, during his lifetime, and they, as his executors, since his death, have performed or offered to perform all the covenants in said antenuptial contract on his part to be performed, but that the defendant has broken her covenants therein: 1st, by claiming her right to homestead; and she has filed her petition therefor: 2d, by bringing her action for dower now pending; 3d, she has procured a decree for an allowance for necessaries in the Probate Court and commenced an action for recovery of the same in the Superior Court; 4th, and is now using and occupying a portion of the dwelling-house of the deceased, under a claim of right as widow, though the executors have notified her to quit."

The defendant set up in her answer, among other defences, the proceedings had upon a bill in equity, in which the present plaintiffs, in their capacity of executors, were plaintiffs, and in which

she was defendant, and at the trial in the Superior Court, before *Pitman*, J., introduced the same in evidence.

The bill, which was filed March 3, 1871, alleged that Ellis Blackinton died May 22, 1870, seised of real estate appraised at $8430, and personal at $6954.28, all which he bequeathed to his four children, issue of his first marriage ; that while he was a widower, he and the defendant, then Alice S. Swallow, on May 19, 1862, entered into the marriage contract, the substance of which is stated above; that the executors were ready to pay all moneys and perform all things provided to be paid or performed in the contract ; that the defendant had presented to the Probate Court a petition for an allowance out of the estate of the deceased, and claimed dower and her distributive share of the estate, in violation of the antenuptial contract. The prayer of the bill, was that the antenuptial contract might be enforced in equity, and that the defendant might be enjoined from prosecuting her petition, or claiming dower, or any other right in the estate of the deceased.

The answer admitted that she signed the antenuptial contract, which was dated May 19, 1862, and that she was married to said Ellis Blackinton, May 21, 1862, and alleged that at that time her age was 64, and his 80. That May 20, 1862, he offered the antenuptial contract to her for her signature, saying he had put only $100 into it ; that she then objected to signing it ; " that thereupon he said that he wanted her to place confidence in him, for the instrument was all right, and that if she would sign it that night, that as soon as they were married, he would make ample provision for her support, as long as she should live, and that she should never have cause to regret that she signed it ; " that thereupon, relying upon him that he would comply with his promise, she signed the contract; but that though often requested to make the promised provision, he died without having made any other provision for her than was set out in the contract ; that the agreement to make further and adequate provision, after the marriage, for her support for life, in case she should survive him, was the principal of " the other considerations not expressed " referred to in the contract, and was an essential consideration for the mak-

ing of it by her, and was never performed by him. She admitted that she had filed a petition for an allowance, and that she intended to claim dower.

Two issues were, in that suit, submitted to the jury:

1. " Was one of the ' other considerations understood between the parties ' and referred to in the marriage contract in question, but ' not expressed ' therein, a promise by said Ellis Blackinton to make, after the marriage, further and adequate provision for the maintenance of the said Alice S., for life, after the decease of the said Ellis, in the event of her surviving him ? " To this the jury answered, " Yes."

2. " Was the execution of the marriage agreement on the part of the said Alice S. Blackinton, the defendant, procured and brought about by fraud and misrepresentation practised upon the defendant by the said Ellis Blackinton ? " To this the jury answered, " No."

The court thereupon ordered the bill to be dismissed, and the plaintiffs appealed. Upon the appeal the order was affirmed, and the following entry was made, " and now it is ordered that the bill be dismissed with costs."

The plaintiffs contended in this suit that the facts that the defendant had obtained a decree of the Court of Probate for an allowance to her, as widow, from the estate, and had brought an action for its recovery, and had brought a writ of dower, and filed a petition for the setting off to her of a homestead, all of which things were admitted, constituted a breach of the contract, and entitled the plaintiffs to a verdict, but the court ruled otherwise. The plaintiffs offered to prove that they, as executors, had offered to perform everything specified to be done on their part in the contract; but the court rejected the evidence, and ruled and instructed the jury that the rights, if any, which the executors had under the contract, must be enforced in equity; that the finding and decree in the suit in equity were conclusive; and that there was no evidence in the case to warrant them in finding a verdict for the plaintiffs. The jury returned a verdict for the defendant, and the plaintiffs alleged exceptions.

*G. Marston & C. W. Clifford,* (*J. Daggett* with them,) for the plaintiffs. Upon the point that a judgment dismissing with costs a bill in equity for specific performance is no bar to an action at law upon the instrument, they cited *Boileau* v. *Rutlin,* 2 Exch. 665 ; *Beere* v. *Fleming,* 13 Irish C. L. 506; *Tatham* v. *Wright,* 2 Russ. & Myl. 1 ; *Wright* v. *Tatham,* 1 Ad. & El. 3, 7 Ad. & El. 313, 5 Cl. & Fin. 670.

*E. Ames,* for the defendant.

GRAY, C. J. The issues raised by the pleadings in the suit in equity between the parties to the present action were, 1st, whether one of the considerations, referred to but not expressed in the antenuptial contract, was a promise of the husband to make, after the marriage, further and adequate provision for the maintenance of the wife, in the event of her surviving him ; 2d, whether the execution of the antenuptial contract by the wife was procured by fraud and misrepresentation of the husband. Those issues were submitted by the court to the jury in that case. The jury answered the second issue in favor of the plaintiffs, and the first in favor of the defendant. The record of that suit shows that the court thereupon, without a hearing upon any other question, entered a final decree dismissing the bill, with costs, and that that decree was not expressed to be without prejudice to an action at law.

The necessary conclusion is, that the adjudication of that case proceeded upon the ground that the husband had made, and had not performed, such a promise. The final decree in the suit in equity is therefore conclusive evidence of that fact in the present action. *Bigelow* v. *Winsor,* 1 Gray, 299, 301. *Foote* v. *Gibbs,* Ib. 412. *Durant* v. *Essex Co.* 8 Allen, 103. *Same* v. *Same,* 7 Wall. 107. *Foster* v. *The Richard Busteed,* 100 Mass. 409, 412.

The agreement of the wife not to claim any share in the husband's estate was manifestly intended to be dependent upon his agreement to make provision for her ; and he having failed to perform his agreement by any instrument executed in his lifetime, his representatives cannot maintain an action against the wife, for asserting the rights which the law gives her, in the absence of any such agreement, after his death.

As this point is decisive of the case, it is unnecessary to consider whether the wife under any circumstances can be sued at law upon a contract of this character.   See *Blackinton* v. *Blackinton*, 110 Mass. 461 ; *Jenkins* v. *Holt*, 109 Mass. 261, and cases there cited.                                  *Exceptions overruled.*