THOMAS BRADLEY *vs.* MARY E. BRADLEY.

Essex.    November 10, 1893. — December 5, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Divorce* — *Entry of " Libel dismissed." — Bar to second Libel for same Cause* — *Proof of Desertion.*

The entry in a suit for divorce, " Libel dismissed," without the addition of the words " without prejudice," is a bar to a subsequent libel for the same cause of divorce as that alleged in the first libel.

At the hearing of a libel for divorce, brought by a husband against his wife for her desertion, in reply to a question by the judge, the libellee said that she would live with her husband if he would treat her as a wife. The circumstances disclosed in the evidence were such as to induce the judge to continue the case in view of her statement, in order to give the parties an opportunity to resume their cohabitation if they desired ; and subsequently the libel was dismissed. Afterwards the husband brought another libel, alleging desertion by the wife subsequently to the hearing upon the first libel. At the hearing of the second libel, the husband admitted in his testimony that he never saw his wife but once after the hearing of the first libel ; and that he never asked her to, or made any effort to have her, come back or live with him. *Held,* that the judge rightly found that the desertion alleged in the second libel was not proved.

LIBEL for divorce, filed on November 3, 1891, and amended on April 8, 1892, on the ground of desertion. Hearing in the Superior Court, before *Corcoran,* J., who dismissed the libel ; and the libellant alleged exceptions. The facts appear in the opinion.

*J. F. Wakefield,* for the libellant.

*H. I. Bartlett,* for the libellee.

KNOWLTON, J.    The entry " Libel dismissed," without the addition of the words " without prejudice," purports to be a final judgment upon the merits. It is a bar to any further proceedings upon the cause of action set out in the libel. In collateral proceedings it is not conclusive by way of estoppel, or as

evidence, except upon matters actually tried and determined; but as a final disposition of that for which the suit was brought, it is, like a judgment by default, conclusive as well in regard to the matters which might have been pleaded as those which were formally put in issue. *Foote* v. *Gibbs*, 1 Gray, 412. *Borrowscale* v. *Tuttle*, 5 Allen, 377, 378. *Durant* v. *Essex Co.* 8 Allen, 103, 108. *Thurston* v. *Thurston*, 99 Mass. 39. *Foye* v. *Patch*, 132 Mass. 105, 111. The judge, who tried the case without a jury, ruled that the former divorce suit was a bar to the libel for the same cause of divorce, and "as to the cause of divorce set forth in the amendment, that desertion was not proven, and ordered the libel to be dismissed." The ruling which we have just considered was upon a matter of law, but the question whether the cause of divorce set forth in the amendment was proved was a question of fact, and we understand the bill of exceptions to mean that he found as a fact that the desertion was not proved. The question before us is whether there was any error of law in that finding.

The amendment alleges a desertion occurring on or about April 15, 1884, subsequently to the hearing upon the first libel. The conduct of the libellant previously to that hearing being eliminated from consideration as a substantive cause for divorce, we find the parties actually living apart, the libellee having said, in reply to a question from the judge at the hearing, that she would live with her husband if he would treat her as a wife. The circumstances disclosed in the evidence at that hearing were such as to induce the judge to continue the case in view of her statement, in order to give the parties an opportunity to resume their cohabitation if they desired; and subsequently the libel was dismissed. The conduct of the libellant from that time forward is important, to be considered on the question whether his wife's subsequent absence from him was with his consent or against his will. He admitted in his testimony that he never saw her but once afterward, and that he never asked her to come back, or made any effort to have her come back or live with him. Inasmuch as they were then living apart, each denying desertion and alleging that the fault was on the part of the other, her offer to live with him accompanied only by a reasonable condition, and his neglect to meet her suggestion, or ever afterward to say or do

anything with a view to a resumption of their marriage relations, was evidence that her subsequent absence was with his consent. So far from showing subsequent desertion on her part, it tended rather to show desertion on his. The judge was well warranted in finding that he had failed to prove desertion beginning after the trial in December, 1883.

Even if we construe the exceptions more favorably to the libellant, and hold the ruling to have been, as matter of law, that there was no evidence to warrant a finding of desertion as alleged in the amendment, we are of opinion, for reasons which need not be stated further, that the ruling so construed was correct. *Ford* v. *Ford*, 143 Mass. 577.

The libellant does not contend that the decision of the Probate Court on her petition for separate maintenance, in which she alleged that she was living apart from him for justifiable cause, is conclusive evidence of desertion commencing three years or more before the filing of his last libel. If the decree of the Probate Court against her, because she had not sustained the burden of showing that she was living apart from him for justifiable cause, were to be taken as establishing affirmatively in collateral proceedings that she had deserted him, — a proposition which is at least doubtful, — it would not follow that the desertion had continued long enough to avail the libellant in this proceeding.

*Exceptions overruled.*