## ISAAC KASHMAN vs. BETSEY M. PARSONS.

First Judicial District, Hartford, January Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A judicial determination in an action of ejectment, that no mutual mistake existed between the parties (grantor and grantee) as to the boundaries and extent of the land bargained for, as averred by the grantor (defendant) in her cross-complaint, does not preclude the latter, when again sued in ejectment by the grantee in respect to the same land, from alleging and proving that the conduct of the grantee since the conveyance has been such as to estop him from asserting his title to the strip of land in dispute. The two claims are essentially different, and the estoppel could not properly have been inserted in the cross-complaint and litigated in the former action.

In the second action the grantor (defendant) alleged that at the time of her conveyance to the plaintiff she claimed the strip in dispute as hers, as the plaintiff well knew, and did not include it in the land sold to the plaintiff. These averments were denied by the plaintiff. *Held* that the record of the former judgment was admissible and conclusive in support of this denial.

Where the issue raised by the pleadings is as to whether a certain request for a finding of facts in a former action between the same parties, was filed, the party holding the affirmative of this issue has the right to introduce a copy of such request, irrespective of the question whether the proceedings in which it was filed did or did not result in a judgment conclusive of the present controversy.

A special finding in an equitable action, made for the purpose of taking an appeal, has no conclusive effect upon the parties in a collateral suit, except to explain the scope of the judgment, where that is doubtful upon its face.

The monuments which control the courses and distances stated in a deed, are confined to those to which the conveyance itself refers.

[Argued January 6th—decided January 21st, 1898.]

ACTION in the nature of ejectment, brought to the City Court of Hartford and tried to the jury before *Morse, Recorder ;* verdict and judgment for the plaintiff, and appeal by the defendant for alleged errors of the court in its rulings upon evidence. *Error and new trial ordered.*

The following facts appeared from the finding: In 1895 the plaintiff brought a former action of ejectment against the defendant in the same court, respecting the same land. The parcel in controversy was situated in Hartford, and was a narrow, triangular piece, running to a point on Main street. To that action a general denial was pleaded, and a cross-complaint was also filed. In the latter the defendant alleged that in 1894 she owned a house on the corner of Main and Canton streets, the lot being bounded west 60 feet, more or less, on Main street, north on Canton street 147 feet, more or less, and wholly surrounded by a substantial fence; that she also owned the adjoining land on the south and east; that she employed a broker to sell the house lot as fenced in; that the defendant bought it; that the deed, by mistake of the scrivener, was so drawn as to describe the lot conveyed as 60 feet wide in the rear, and 147 feet deep on each side, whereas in truth the lot so fenced in was only about 54 feet wide in the rear; that the defendant, relying on the accuracy of the scrivener and her broker's representation that the description was correct, executed the deed without reading it or knowing of the mistake; that the deed was thus made, by a mutual mistake of both parties, to include the triangular parcel now demanded; and that she first discovered the mistake in December, 1895, and then requested the plaintiff to correct it, which he declined. The prayer was for a reformation of the deed, and damages. The plaintiff answered denying any mistake.

The cross-complaint was tried separately, in March, 1896, and dismissed. The court, in the judgment file, found the issue for the original plaintiff, and " that there was no mutual

mistake in the description and boundary of the land conveyed by said deed mentioned in the complaint, and further found that the allegations of the defendant, Betsey M. Parsons, and contained in said cross-complaint, that there was a mutual mistake in the description and boundary of the land conveyed by said deed, were not true in fact."

A special finding of facts was also filed, for purposes of an appeal. In this the following facts, among others, were stated: The house lot was fenced in, at the date of the bargain for the sale and of the deed, which was in 1894. The difference in width between the front and rear was not strikingly apparent, owing to a long shed near the east line. The broker told the plaintiff that the corner lot for which he was bargaining was 60 feet wide and 147 feet deep. The fences were never alluded to. The plaintiff knew that the defendant owned the land adjoining the corner lot on the south. A mortgage back was given for part of the price, and followed the deed in describing the bounds. Both conveyances were read over to the defendant, and she knew the deeds gave the plaintiff a width of 60 feet in the rear. Soon after his purchase the plaintiff rebuilt the rear fence for a distance of 60 feet from Canton street, and the defendant, at his request, paid half of the bill. Afterwards, in October, 1895, he employed an architect to prepare plans for a building to be put up on his lot, and measurements were made, which first showed him that the lot as fenced was only 53 or 54 feet wide in the rear. He did not then know, however, that the defendant claimed that she had only meant to convey to him the lot as fenced in. In November, 1895, the defendant began to put up a barn in the rear of her lot on the south. The barn reached to within 57 or 58 feet of Canton street. The plaintiff within a reasonable time sent her a written notice that she was encroaching on his premises, and also told the builder the same thing; but she replied that he owned nothing south of the fence.

In June, 1896, the original cause came on for trial upon the plea of a general denial, and the defendant set up her

mortgage title, which was still outstanding, and obtained judgment on that issue.

Subsequently the plaintiff, having paid up the mortgage, and obtained a release thereof from the defendant, brought the present action. The answer was first a general denial, and then a second defense of estoppel. This alleged that the defendant sold the plaintiff only the lot as fenced in; that at the time of her conveyance she claimed the triangular parcel now demanded as part of her home lot on the south of the premises conveyed, which the plaintiff well knew; that in October, 1895, he well knew that his rear boundary was only 54 feet wide; that in November, 1895, she began to erect a barn, partly on the triangular parcel, and finished it in December; that the plaintiff during all this time resided on Canton street within fifty feet of the barn, and in plain view of it; that he passed it and saw it many times each day; but that he never intimated to the workmen or the defendant that the barn was on his land. A reply was filed, containing, first, a denial of most of the defendant's averments, and, second, such a denial together with a claim of *res adjudicata* based upon the judgment on the cross-complaint in the former action, and alleging that in that complaint and in a request she filed for a finding of facts upon the hearing thereon, every fact now set up in her answer was made the subject of a claim for relief. The defendant rejoined, admitting the filing of the cross-complaint in the former action, denying the other allegations in the second part of the reply, and averring that the only ground of relief set up in the cross-complaint was a mutual mistake entitling her to a reformation of the deed. The plaintiff surrejoined by a denial.

Upon the trial the plaintiff introduced the deed, mortgage, and release of mortgage, and proof of the disseisin. He also offered the record of the former action, claiming that it was material to and decisive of the issues on trial. The defendant objected on the ground that it was not material; that the issues in the two actions were different; and that

the final judgment in the former action was in her favor. The court admitted the evidence.

The plaintiff then offered in evidence a request for a finding of facts filed in the former action, upon the ground that such request was a part of the record, and contained relevant admissions on the part of the defendant as to the matters set up in the amended answer in this case, which matters were or might have been litigated and decided in said former action.   To the admission of this evidence the defendant objected on the grounds above stated, and upon the ground that such request was not a part of the record in said former action ; but the court overruled said objection and admitted the evidence.            .

The defendant claimed that the land described in the deed was bounded on two sides by streets, and on the other two sides by land of the defendant; that the former land was separated from the latter land by well defined fences so clearly and distinctly as to make such fences a boundary or monument which should be or might be considered by the jury as more reliable than the distances stated in said deed, and offered evidence in support of such claim.   To this evidence the plaintiff objected, on the ground that the matter of such boundary, monument, and distances had been, or might have been, litigated and decided in said former action; and on the ground that it appeared from the pleadings relating to and constituting said cross-complaint, and the judgment and finding thereon, in said former action, that the court had therein decided that the land in question had been included in said deed.   The court sustained the objection of the plaintiff and rejected the evidence.

The defendant then offered evidence to prove that the plaintiff lived near the premises in question; and that in November and December, 1895, he knew that said barn was in process of erection on the land in question; and other matters relating to the erection of said barn.   The plaintiff objected, on the ground that the matters claimed to be evidenced thereby were, or might have been, litigated and decided in said former action.   The court sustained the objec-

tion and excluded the evidence. The defendant offered no evidence as to disseisin, nor any further evidence. The court then submitted the cause to the jury with instructions to return a verdict for the plaintiff, which they accordingly did, assessing his damages at $1.

*Charles E. Perkins* and *Timothy E. Steele*, for the appellant (defendant).

The decision on the cross-bill was not a final adjudication upon all possible defenses which could be made to the second action. *Abbe* v. *Goodwin*, 7 Conn. 383; *Kennedy* v. *Scovil*, 14 id. 68; *Hungerford's Appeal*, 41 id. 227; *Fairman* v. *Bacon*, 8 id. 425; *Gaylord* v. *Freeland*, 47 N. E. Rep. (Mass.) 1019; *Wirtle* v. *Lockwood*, 39 Ohio St. 141; *Cramer* v. *Moore*, 36 id. 347; *Clark* v. *Blair*, 14 Fed. Rep. 813. It is too clear for controversy that the question of whether the jury should regard the boundary by the land of the defendant as a monument, which should control the distance given, was not a matter which could have been set up in the cross-bill as a ground for an equitable defense. It is equally well settled that estoppel in part is a legal defense. 1 Sw. Dig., top page 636; *Crandall* v. *Gallup*, 12 Conn. 371; 7 Amer. & Eng. Ency. of Law, 33; 2 Black on Judg. § 732. If the plea of estoppel might have been set up as an equitable, as well as a legal, defense, it was not so set up. The only issue presented by the pleadings in the cross-bill, was the question of reforming the deed, and upon that question any evidence relating to estoppel would not have been relevant. *Fairchild* v. *Lynch*, 99 N. Y. 368; *Cromwell* v. *Sac County*, 94 U. S. 356; *Davis* v. *Brown*, 94 id. 428; *Aurora City* v. *West*, 7 Wall. 106. The error of the plaintiff, and of the court below was, in confounding the issue in the cross-bill with the averments in it of immaterial facts not within that issue. 21 Amer. & Eng. Ency. of Law, 192, 193; *Crandall* v. *Gallup, supra*; *Dickinson* v. *Hayes*, 31 Conn. 427; *Hotchkiss* v. *Nichols*, 3 Day, 143; *Supples* v. *Cannon*, 44 Conn. 432; *Barlow* v. *Delaney*, 40 Fed. Rep. 100; *Burlen* v. *Shannon*, 99 Mass. 202; *Huntley* v. *Holt*, 59 Conn. 107; *Miles* v. *Strong*, 68 id. 288.

*Lewis E. Stanton* and *Hugh O'Flaherty*, for the appellee (plaintiff).

The present claim is *res judicata*, and the defendant ought not to be admitted, against the former record, to allege that she was and is the owner of the land in dispute. *Huntley* v. *Holt*, 59 Conn. 107; *Pray* v. *Hedgeman*, 98 N. Y. 358; *Campbell Printing Co.* v. *Walker*, 114 id. 7. The defendant cannot escape the force of this law, on the ground "that the issues in said former action were different from the issues in this case." The doctrine of *res judicata* does not rest upon the fact that a particular proposition has been affirmed and denied in the pleading, but upon the fact that it has been fully and fairly investigated and tried. 2 Black on Judg. § 614. Nor can the defendant combat the force of these authorities on the ground "that the final judgment in said former action was in favor of the defendant," or that the judgment in the cross-complaint was in a suit different in its nature from the present, requiring different pleadings and different evidence from what was necessary in the case at bar. In the application of the principle of *res judicata*, there is no difference between courts of law and courts of equity; when an issue of fact or of law has been adjudicated upon the merits in either tribunal, it cannot be again litigated in the other. 2 Black on Judg. § 518. The facts set up in the second defense in the defendant's answer and the evidence offered by her in support of said defense, which evidence was excluded by the court, do not amount to an estoppel either at law or in equity. 6 Laws. Ri. Rem. & Pr. 4411; *Brant* v. *Virginia Coal Co.*, 93 U. S. 326; *Trenton Banking Co.* v. *Duncan*, 86 N. Y., 221; *Odlan* v. *Gove*, 41 N. H. 465; *Crest* v. *Jack*, 3 Watts, 240; *Knouff* v. *Thompson*, 16 Pa. St. 361. Under these circumstances, the only question for the jury to decide in the case was the amount of damage which should be awarded to the plaintiff.

BALDWIN, J. The cross-complaint in the first action of ejectment was based upon a claim of a mutual mistake. It set up that neither party supposed at the time that the land

bargained for included the triangular parcel now in dispute, or that the deed embraced it in its terms of description. These allegations were put in issue, and the issues found for the present plaintiff.

In the present action the defendant's second defense is rested on estoppel, and in its support she pleads that she claimed this parcel as hers at the time of the conveyance, which the plaintiff well knew, and that all she sold him was the lot as then fenced in. These averments were denied, and the record of the former judgment was admissible and conclusive in support of this denial. Rules under the Practice Act, IV, § 12. It showed a finding adverse to the defendant on a point put directly in issue and material both in that action and in this : in that, because what each party supposed to be the subject of the sale at the time of the transaction bore immediately upon the question of mistake ; in this, because the knowledge and supposition of the defendant at that time tended to show what his knowledge and supposition was later, when his omission to object to the erection of the barn was set up as a ground of estoppel.

The second part of the reply, after setting up the institution of the defendant's cross-complaint, proceeds to aver that she " afterwards in said cause filed also a certain request for a finding of facts in the cause. In said cross-complaint and request for finding of facts she set up each and every averment of fact which is now contained in her amended answer, and claimed relief therefor." The averments quoted were denied by the rejoinder, and the plaintiff had a right in support of them to introduce a copy of the request for a finding, irrespective of the question whether the proceedings in which it was filed did or did not result in a judgment conclusive of the controversy presented in the suit on trial. Adams v. Way, 32 Conn. 160. It is true that such a request constitutes no part of the record of a cause, except upon an appeal from the judgment founded on exceptions to which it is relevant ; but it may contain statements which will be receivable in a subsequent action as admissions by the party in whose behalf they were prepared. Whether there were such ad-

Kashman *v.* Parsons.

missions in this particular request was a matter which had not been put in issue by the pleadings: whether such a request was ever filed had been put in issue.

The evidence offered to show that the fences were a boundary or monument which the jury could consider as sufficient to control the distances stated in the deed, was properly excluded. The monuments which control courses and distances are those to which the conveyance itself refers. A reference to the adjoining land of the grantor as a boundary cannot be treated as describing a monument intended to control the dimensions stated, because of the existence of a fence which is not mentioned in the deed.

The objection taken by the plaintiff to the introduction of this evidence, that the matter was or might have been litigated in the former action, was untenable. That proceeding was to correct a mistake in the deed under which the plaintiff claimed, and the only mistake alleged was the description of the real boundary as sixty feet long. It was not contended then, as it is now, that the deed itself was consistent with the defendant's claim of title. But as the evidence was incompetent to vary the written contract, for the reason already stated, the ruling of the court can constitute no ground of appeal.

There was error in excluding the evidence offered by the defendant to prove the estoppel set up in her answer. The circumstances and conduct of the plaintiff, which she sought to prove, could not have been made the subject of final determination with respect to this question of estoppel, in the former action. They were material there only as evidential of what he knew or supposed at the time of the execution of the deed. The defendant's claim then was that he acted as if he had understood his purchase to be limited to the lot as fenced in, that is, as if the deed had been drawn as it was by mistake and did not follow the terms of their bargain. Her claim now is, that, notwithstanding he did not share her mistake but understood his purchase to cover the parcel in dispute, still by his subsequent silence, under circumstances and at a time calling for an assertion of his title,

he so far misled her as to preclude him from a recovery upon it in this action. As to this she had a right to be heard under the issues closed.

The special finding of facts under the cross-complaint is not referred to in the judgment rendered. That is complete in itself, and sets forth upon what findings it is based. A special finding in an equitable action, distinct from the judgment, and made, as was that now in question, to facilitate the taking of an appeal, has no conclusive effect upon the parties in any collateral suit, except so far as resort may be had to it to explain the scope of the judgment, where that is doubtful upon its face, by showing what facts were the subject of inquiry and adjudication. For that purpose it is the best evidence, and takes the place that would be otherwise occupied by a witness.

The judgment on the cross-complaint was expressed in terms that are clear and definite. Its recitals state that all the issues were found for the plaintiff, and that there was no mutual mistake. The special finding was not needed to explain it, and the evidential facts which it sets forth spent their force when the ultimate facts were determined, upon which the judgment rests. The finding would not have been admissible, even as tending to show such evidential facts in answer to the evidence which the defendant offered, had that been admitted. Much less could it avail to exclude it altogether.

The plaintiff contends that the defense of estoppel was one of which the defendant might have availed herself in the former suit, and therefore cannot now be made the subject of litigation. To that action there was a perfect defense under the general denial; namely, that the legal title was in the defendant by virtue of a deed from the plaintiff. She had therefore no occasion to set up any estoppel in bar; nor could it properly have been introduced into her cross-complaint. If the deed was to be reformed, such relief could only be granted on proof of a mutual mistake at the time of its execution.

It is also argued that the defense of estoppel was unten-

able, because when the defendant built her barn she held the legal title to the ground as mortgagee, and could not have been prevented by the mortgagor, had he made the endeavor, from improving her security at her own expense. Neither this question nor that of the sufficiency of the averments of the second defense to found an estoppel, was raised by the pleadings. The defense was denied, and it was not so manifestly unsubstantial or immaterial as to warrant the court in refusing to listen to any evidence of what had been alleged.

There is error, and a new trial is ordered.

In this opinion the other judges concurred.