STEWART v. VILLAGE OF ASHTABULA.

(Circuit Court, N. D. Ohio, E. D.    December 23, 1899.)

No. 5,272.

1. JUDGMENTS—RES JUDICATA—DECREE OF DISMISSAL IN EQUITY.

The decree of a court of equity dismissing a suit for an injunction is as conclusive on the parties as the judgment of a court of law, as an adjudication of a question put in issue by the pleadings, and shown to have been actually litigated and decided, and to have determined the action of the court.

2. MUNICIPAL CORPORATIONS—REMOVAL OF STREET-RAILROAD TRACKS—LIABILITY FOR DAMAGES.

The owner of a street railroad cannot maintain an action for damages against the municipality for its removal of the tracks from the streets with as little damage to the property removed as possible, where the ordinance granting the franchise reserved the right to make such removal in case the grantee failed to comply with certain conditions, and it has been conclusively adjudged between the parties that he did not comply with such conditions; and the adjudication is equally effective as a defense although it was not made until after the removal.

## On Motion for Rehearing of Demurrer to Answer.

This is a motion for rehearing of a demurrer to the fourth defense of the answer to the plaintiff's petition. At a former hearing the court overruled the demurrer. The petition alleges that the plaintiff on July 19, 1890, and for many years prior thereto, owned and operated a line of street railway in the village of Ashtabula, state of Ohio; that it consisted of rails, ties, sleepers, ballast, turntables, switches, and other material; that he owned, and used in its operation, cars, wagons and horses, tools, and other necessary equipment, together with grounds and buildings erected thereon for the care, protection, and security of this equipment; that he was lawfully possessed of and vested with the right and franchises of continuing the maintenance and operation of the railway for a period of over 17 years from and after the 19th day of July, 1890; that the whole of the property, right, and franchises was worth $150,000, and constituted a valuable and productive investment; that the defendant on the night of July 19, 1890, and on Sunday and Sunday night of July 20, 1890, through its city council, wrongfully and unlawfully directed the tearing up and destruction of the street railway, and its removal from the streets; that the defendant thereafter, through its officers, forcibly prevented him from restoring his line of railway to its former condition, and from the further possession of and right to operate the same; that his entire structure and equipment, and the right and franchise of operating it, were rendered valueless to the plaintiff, and unlawfully taken from him. Wherefore he asks to recover the sum of $150,000. For a fourth defense, the defendant, the village of Ashtabula, averred: That the plaintiff ought not to maintain his action, for the reason that on the 19th day of February, 1892, the plaintiff commenced an action in the court of common pleas for Ashtabula county, Ohio, against the defendant, seeking to enjoin the defendant from preventing or in any way interfering with him in restoring to the streets his railway, which he averred had been removed by the defendant; also, to recover damages for the alleged wrongs and grievances arising from said removal, and for equitable relief. That to the petition the defendant made answer, denying that the removal was unlawful, and alleging that the plaintiff had wholly and substantially neglected to perform any of the conditions of the ordinance granting to him the right to construct a street railway. That the cause of action thus commenced and pending in the court of common pleas was duly appealed by the defendant to the circuit court of the county, and was there tried and determined. That it was a material and important issue in the trial in the circuit court as to whether or not the plaintiff had performed the terms and conditions of the ordinance under which he claimed to be the owner of the franchise to operate the railway.

That the case was heard upon its merits by the court. That before its decision the plaintiff requested the court to make special findings of law and fact. That the court made such findings. That the court found that the ordinance attached to the plaintiff's petition was duly passed by the village of Ashtabula, and was accepted by the plaintiff, and that the plaintiff constructed a railroad in the streets, which was afterwards removed; that the plaintiff continued to occupy the streets until the 19th day of July, 1890, when the railway was torn up and removed from the streets by order of the village council; that the plaintiff did not within three months after the completion of the road, or at any time, place the ballast of stone required by the ordinance upon the street, of sufficient depth to make a firm and substantial roadway; that he failed to construct his road or maintain his roadbed so as to make the top or surface of the street and the rails of uniform grade one with the other, but in fact so constructed it that, over the greater portion thereof, the top of the roadbed and the top of the rails were so much above or below the surface of the street as to be a serious obstruction and impediment to all desiring to drive upon or across the track; that in other respects, as to the use of proper ties and the use of ballast, the plaintiff failed to comply with the ordinance; that the defendant often requested the plaintiff to comply with these conditions, but the plaintiff neglected and refused to do so; that on the 3d day of December, 1889, the village, by its council, passed an ordinance declaring a rescission of the grant to John N. Stewart, a certified copy of which was personally served upon the plaintiff immediately thereafter, and that on Saturday evening, the 19th day of July, 1890, and on Sunday, the 20th, the defendant removed the plaintiff's railroad tracks, ties, and turntables from its streets, but doing no unnecessary damage to the same, and placed the same in piles at convenient places along the line of said streets, subject to the order of the plaintiff; that the removal of the tracks was not in pursuance of any judicial determination of the respective rights of the parties. That upon the foregoing facts, so found, the court made the following express finding: "That the plaintiff has failed to perform the conditions of said ordinance in the several respects mentioned, and that therefore he is not entitled to the relief for which he prays." That it was thereupon ordered, adjudged. and decreed by the court that the plaintiff's petition be, and the same was thereby, dismissed, and the plaintiff was ordered to pay the costs. That the cause was, by petition in error, taken to the supreme court, and was there fully heard, tried, and argued, and the judgment of the circuit court in all respects affirmed. That the plaintiff is therefore estopped and barred from further prosecuting the action upon the same questions and subject-matter. And that said judgment in said action is a full and complete bar to any right of action on the part of the plaintiff on the facts alleged in his petition in this action.

The ordinance under which Stewart entered upon possession of the streets is made an exhibit to the answer. It authorized him, his heirs and assigns, to construct, maintain, and operate a single-track railway, with the necessary turnouts, switches, and turntables, upon certain specified streets in the village of Ashtabula. By section 2 it was provided, among other things, that the rails should be laid in such a manner as to be no impediment to the free and ordinary use of the street, and that it should be so constructed, with bridges, drain boxes, or sewer pipes at all gutters, as to allow the free and unobstructed flow of water under the track; that within three months after the completion of the road he should ballast the road so as to make a firm and substantial roadway of the same grade as the top of the rails, and of the same grade and surface as the remainder of the roadway, and that he should maintain this uniform grade and surface; that he should keep the ballasted part of the streets in good repair, and keep all holes and ruts filled with ballast. Section 7 of the ordinance provided as follows: "In case of the neglect or refusal on the part of said Stewart, his heirs or assigns, to take up and relay said track when directed so to do by said council, for the reasons or purposes named in this ordinance, to ballast said road as herein provided, or keep the same so ballasted, and in good repair, to restore the street or track to a uniform grade and surface, the one with the other, or to pave and repave the same, as provided in this ordinance, then, and in any such case, said council may cause the same to be done at the expense of said Stewart, his heirs or assigns, or.

if in their opinion expedient, have the track removed from the streets." Section 8 provided for the occupation of Main street by any other street railroad, upon terms to be agreed upon by arbitration, should the city desire to grant such permission. Section 11 provided that the authority and privilege granted to John N. Stewart, his heirs and assigns, were to remain in force for 25 years from and after the passage of this ordinance. Section 14 provided that "John N. Stewart, his heirs and assigns, shall perform all and singular the conditions of this ordinance, together with all and singular the further and future orders of the council, as herein provided; and it is expressly understood, as a condition of this grant, that if the said John N. Stewart, his heirs or assigns, shall neglect or refuse to perform, as herein set forth, this grant shall, by that neglect or refusal, be rescinded. This ordinance becomes null and void upon the passage of an ordinance by the council of the village to that effect."

Winch & Thompson and Frederick A. Henry, for plaintiff.
A. P. Laughlin and J. M. Jones, for defendant.

TAFT, Circuit Judge (after stating the facts). The main question in this case is whether the decree dismissing the bill in the state court, set up in the fourth defense of the answer, conclusively estops the plaintiff on the issue whether he complied with the conditions of the granting ordinance. I have no doubt that it does so estop him, and that as between him and the village, in any subsequent litigation, the fact that he failed to comply with the conditions of this ordinance must be taken as conclusively established. The answer shows that, in the case in the state court, Stewart affirmed that he had complied with the conditions of this ordinance, and the village denied that he had so complied, and averred the particulars in which he had failed to comply with the conditions; that a trial was had upon this issue; and that the common pleas court dismissed his petition for an injunction. It further appears that the circuit court passed upon the same issues, and in terms found that the conditions had not been complied with, and for that reason affirmed the decree of the common pleas court dismissing the petition, and that the supreme court affirmed the action of the circuit court. It thus affirmatively appears from the records of the court that the issue was made as to the compliance with the conditions, and that because of a failure to comply with the conditions the decree dismissed the bill. Now, it might very well be that if the record did not show what the reason of the court was for dismissing the bill, and what the court actually decided in dismissing the bill, it must be inferred that the court merely exercised the legal discretion which is vested in a court of equity in giving or withholding injunctive relief. In a case where it is not made to appear what was actually decided in rendering the decree, the decree is conclusive only upon that point without which the case could not have been decided as it was. But if an issue upon a particular fact is made, upon which the decree might turn, and it affirmatively appears, either from the record or by oral evidence, that it in fact did turn upon this issue, then the decree is conclusive upon the parties in respect of such issue. Decrees in equity, whether they dismiss the bill or grant the relief prayed for, are as binding, by way of the thing adjudged between the parties, as judgments at law. The necessary difference between the effect of a decree of dismissal

in equity and a judgment for the defendant at law arises from the varying grounds upon which a decree for dismissal may be based, while the judgment for the defendant at law must always rest upon the failure of the plaintiff to sustain the averments of his petition. A decree for dismissal in equity may be based on the ground that the plaintiff has an adequate remedy at law. In such a case the decree, of course, cannot be used to estop the plaintiff from affirming the truth of the averments of his bill in an action at law, for the very ground for the dismissal was that this suit was what he should have brought in the first place. Again, in cases of specific performance and in cases where the extraordinary remedy of injunction is prayed, the court may deny the relief in its legal discretion, which the court may exercise in granting or withholding such relief on equitable principles which have no application in a court of law where the same cause of action or the same defense is mooted. It is this difference between a decree of dismissal in equity and a judgment for the defendant at law on which the decisions relied upon by the plaintiff's counsel in this case, from the supreme court of Ohio, must rest. In Cramer v. Moore, 36 Ohio St. 347, in a suit at law on a promissory note, the maker was held not estopped from setting up want of consideration or fraud by a decree dismissing his petition in an action brought to enjoin the negotiation of the note and to obtain its surrender and cancellation, although the matter set up as a defense was relied on as the ground of relief in the first petition in equity. There was nothing to show in the case what the court actually decided, except the decree dismissing the petition in equity. As that decree might have been based on the ground that the opportunity to make a defense gave him a sufficient relief at law, the decree in equity could, of course, not estop the plaintiff in the suit at law from pleading the defense, the opportunity to plead which in a suit at law might have been made the basis for the action of the court of equity. So, in the case of Porter v. Wagner, 36 Ohio St. 471, it was held that the judgment of dismissal of a petition for the specific performance of an agreement, and of a counterclaim based upon an alleged subsequent agreement to rescind the former agreement and repay the money paid thereon, was no bar to an action for the recovery of the money paid on the first agreement in accordance with the second agreement. And this was put on the ground that the refusal of the court to rescind the contract as prayed in the equitable counterclaim was not inconsistent with the alleged promise of the vendor to refund the money paid in consideration of his release from the contract; that it might have been based on the ground that the remedy at law was ample, and, as it did not conclusively appear that the failure to prove a contract of rescission was the basis of the decree, it could not be inferred. If, however, the evidence shows exactly what the ground was upon which the decree was based, then the conclusiveness of a dismissal in equity upon that ground is clear. This is clearly shown by the case of Blackinton v. Blackinton, 113 Mass. 231, in which the issues out of chancery were submitted to a jury, and upon those issues a

decree dismissing the bill was entered. It was held that the. decree of dismissal was conclusive upon the issues found by the jury in a subsequent action at law. See, also, Herm. Estop. § 403. It is true that the findings of fact and conclusions of law of the court, made for the purpose of an appeal under the statute of Ohio, do not bind the parties as to every fact found or conclusion of law stated; but that they may be used as evidence to enable the court to determine the exact issue which was decided, and upon which the decree of the court necessarily depended, is shown in the case of Kashman v. Parsons, 70 Conn. 295, 39 Atl. 179, upon which the plaintiff most relies.

It being conclusively established by the decree pleaded that the plaintiff did not comply with the conditions of his grant, the question arises, what damages is he entitled to when the village for that reason removes his track from the streets, carefully, so as to damage him as little as possible? The ordinance would seem to vest in the village the power to act, and remove the tracks from the streets, if the council concluded that the conditions had not been complied with. It may be (I do not find it necessary to decide) that, even in the face of these strong provisions of the ordinance for the benefit of the village, the defendant should have applied to a court to adjudge the existence of a ground of forfeiture. Since the act of the village, however, the ground of forfeiture has been conclusively adjudged to exist. It must be assumed that it would have been so found, had the village resorted to judicial proceedings in the first instance. I can see, therefore, no ground for holding that the plaintiff is entitled to a recovery of any damages, because his condition, with the forfeiture adjudged against him subsequent to the act, is not different from what it would have been had it been adjudged against him prior to the act complained of. The former action of the court in overruling the demurrer must be confirmed, and the motion for a rehearing is denied.