ELLEN M. SARGENT,

Petitioner for Annulment of Marriage.

Hancock.   Opinion July 8, 1916.

*Effect of docket entry reading "Libel dismissed, or petition dismissed or denied."*

Under R. S., c. 62, sect. 15, providing for annulment of marriage, an entry of "petition denied," after a hearing upon the merits, must be held to be a final decree, barring a future action between the same parties involving the same subject matter, despite the language of the statute to the effect that "the court shall decree it affirmed or annulled according to the proof."

The proceeding is as of a libel for divorce and the entry, after hearing upon the merits, "petition denied," without the addition of the words "without prejudice," purports to be a final judgment on the merits.

This proceeding is by libel brought under provisions of section 15, chapter 62, Revised Statutes of Maine, asking for the annulment of a marriage entered into by petitioner and one Alvarado Moseley, deceased.   The petitioner alleged that her marriage to said Moseley was invalid for the resason that said Moseley, at the time of entering into said marriage with the petitioner, had a wife then living from whom he had not been legally divorced.   Court ruled that said libel should be denied and dismissed, to which ruling petitioner filed exceptions.   Exceptions overruled.

Case stated in opinion.

*J. P. Cilley, and D. E. Hurley,* for petitioner.

*John F. A. Merrill,* U S. District Attorney, and *Arthur Chapman,* Assistant U. S. District Attorney, for United States, party defendant.

SITTING:   SAVAGE, C. J., BIRD, HANSON, PHILBROOK, MADIGAN, JJ.

BIRD, J.   This is a libel as of divorce for the annulment of a marriage under the provisions of R. S., c. 62, s. 15. The libel alleges the marriage of the petitioner, then of Ellsworth, and one Alvarado Moseley, also of Ellsworth, on the thirteenth day of December, 1871 and "that the validity of this marriage is doubted because of a prior marriage of Alvarado Moseley under date of December 13, 1869, to one Ellen M. Sargent, of Rockland, a different person from your libellant, who was living at the date of your petitioner's said marriage on December 13, 1871, and who had not been lawfully divorced."

The libel further alleges "that said Alvarado Moseley is dead and that no pecuniary interests are involved or are in any way affected by said desired annulment of said marriage of December 13, 1871, except her (petitioner's) own pecuniary interest in a pension as the widow of Charles L. Sargent, who died from disease contracted in the U. S. military service while on duty in the 14th Maine Vol. Inf."

Service was ordered and made upon the attorney of the United States for the District of Maine, who appeared and asked the dismissal of the libel upon the ground that one of the parties to the marriage is dead and also upon the ground that upon two similar libels of the petitioner, asking annulment of the same marriage for the same reasons, final judgments were rendered against her after hearings upon its merits.

At the hearing upon the libel now before the court, the presiding Justice found the following facts, upon which the parties agree:

"That the said Ellen M. Sargent presented to the October term, 1908, of the Supreme Judicial Court for Hancock County, Maine, a libel signed by her and dated October 13, 1908, which libel is identical with the libel now before this court except that in this one she has included the additional allegation 'that one child, to wit: Susan T. Sleeper of Bar Harbor, Maine, was born of said marriage.'

"At the April term, 1909, the matter of said libel of October 13, 1908, was reported to the Law Court, and thereafter on December 17, 1910, a mandate was sent down from the Law Court as follows: 'Report discharged. Case remanded for further hearing in the court below.'

"At the April term, 1911, of said court, a hearing was had on said libel and thereupon an entry was made on the docket in said cause as follows: 'Petition denied 6th day. Emery, C. J., presiding.'

"April 11, 1911, a motion for a new trial was filed and thereafter June 6, 1912, a mandate from the Law Court was sent down as follows: 'Motion overruled for want of prosecution.'

"On March 19, 1913, said Ellen M. Sargent filed another libel in said court signed by her, dated March 13, 1913, which is identical with her said libel of October 13, 1908. Upon said libel hearing was had upon the merits at the April term of said court, 1913, and thereupon, after said hearing the Justice presiding entered on the docket of said court, 'Petition denied.'

"Thereafter on April 14, 1914, said Ellen M. Sargent filed a petition asking for a writ of review in the matter of the libel of March 13, 1913, and the decisions of the court thereon. No notice was given of the pending of said petition and no notice was ordered thereon."

Whereon the presiding Justice made the following ruling:

"After consideration of the allegations contained in the petitioner's libel, especially the fact that the said Alvarado Moseley one of the parties to said marriage, is dead and that there is no allegation in said libel that the petitioner desires said marriage to be annulled for any other purpose than that said marriage may no longer be an obstacle in the prosecution of her claim to obtain a pension from the United States Government as the widow of Charles L. Sargent, and further in view of the foregoing facts found by me, to wit: That the said Ellen M. Sargent has heretofore twice presented before this court her libel for the desired annulment of her marriage with said Alvarado Moseley, in each of which instances after hearing on the merits, judgment has been rendered against her, I rule that the petitioner is not entitled to maintain and should not be permitted to maintain or prosecute in this court this, her libel, now being heard for the annulment of said marriage between her and the said Alvarado Moseley, and therefore, for those reasons, I rule that her present libel should be and that it is hereby denied and dismissed."

To the ruling of the court the petitioner excepted.

It is unnecessary to consider the first ground of defense, since it is the opinion of the court that the defense of res adjudicata is sustained.

It is objected, however, that the judgments or decrees of the court rendered in the two earlier cases, "Petition denied," fail to follow the statute and decree that the marriage be affirmed and therefore cannot be considered in support of the defense of res adjudicata.

The entry of the decree "petition denied" after hearing on the merits must be regarded as a final decree barring a future action between the same parties on the same subject matter, despite the language of the statute to the effect that "the court shall decree it affirmed or annulled according to the proof." We do not think that the Legislature intended to tie the hands of the court as to the form of the decree but that the court is free to enter such decree as, being in accordance with its usual practice, finally disposes of the suit. In *Baker* v. *Cummings,* where in the prior case, the appellate court ordered the court below to set aside its decree and dismiss the bill, the court says "It was not a conditional dismissal, without prejudice or words to that effect, but a general one. A dismissal of the bill under such direction is presumed to be upon the merits, unless it be otherwise stated in the decree of dismissal." 181 U. S., 117, 124-1245. Authorities to the same effect are too numerous for citation, among them being found, *Corey* v. *Independent Ice Co.,* 106 Maine, 485, 494, 495; *Blackinton v. Blackinton,* 113 Mass., 231, 234; *Pelton* v. *Mott,* 11 Vt., 48; 34 Am. Dec., 678; *Forist* v. *Bellows,* 59 N. H., 229, 231.

The proceedings in the two earlier cases pleaded were based upon a libel as for divorce, R. S., c. 62, § 15. In *Bradley* v. *Bradley,* 160 Mass., 258, it is held that the entry in a suit for divorce, "Libel dismissed" without the addition of the words "without prejudice," is a bar to a subsequent libel for the same cause of divorce as that alleged in the first libel. After hearing had, it purports to be a final judgment on the merits. Id. And likewise, substantially, in *Vance* v. *Vance,* 17 Maine, 203, 204; *Brown* v. *Brown,* 37 N. H., 536, 537; 75 Am. Dec., 154, 155. See also *Jillson* v. *Jillson,* 63 Vt.,

411. And so where, after hearing on the merits the entry is "petition denied," the judgment must, a fortiori, be regarded as a bar. The exceptions must be overruled.

*So ordered.*