BROWN, APPELLANT, *v.* BROWN, APPELLEE.

(No. 584—Decided January 26, 1942.)

*Mr. A. B. Mabee,* for appellant.
*Mr. J. M. Reed* and *Mr. W. H. Gifford,* for appellee.

SHERICK, J. In 1934 plaintiff sued for divorce in the Court of Common Pleas of Crawford county. The petition charged gross neglect of duty. The defendant answered and trial was had upon the merits. The result thereof was a denial of divorce and dismissal of plaintiff's petition.

Thereafter, in 1936, plaintiff again sued for divorce in the same court. The petition alleged gross neglect of duty, adultery and wilful absence. To this petition defendant made answer. Before the cause came on for trial, the petition was dismissed. The journal of dismissal reads as follows:

"Now comes the plaintiff in person and dismisses his petition herein. Cause dismissed at costs of plaintiff. Record waived."

Thereafter, in 1941, plaintiff filed a third petition for divorce in the Common Pleas Court of Richland county. The grounds alleged are the same as those re-

cited in the second petition filed in Crawford county. To this petition defendant answered. The first defense is a general denial. The second is a plea of *res judicata* to the charge of gross neglect predicated on the decision of the court in the first Crawford county case. The third is similar to the second, but covers the three grounds alleged for divorce, and is based on plaintiff's dismissal of the second Crawford county petition.

Upon trial defendant entered objection to the introduction of any evidence by plaintiff in support of the three grounds pleaded for divorce that existed and might be offered in support thereof prior to the date of dismissal of plaintiff's second petition. The court took the motion under advisement, withheld its ruling thereon and received all evidence offered. At the time counsel for plaintiff abandoned the issue of gross neglect of duty by conceding that this cause had been previously adjudicated in his first action for divorce in Crawford county. At the conclusion of trial the following ruling was made:

"The court being of the opinion that the voluntary dismissal by plaintiff on July 16, 1940, of his action then pending in the Common Pleas Court of Crawford county, Ohio, against the defendant for divorce constituted *res judicata* of all grounds of divorce to that date, the objection of defendant to all testimony offered by plaintiff in regard to the acts and conduct of the defendant prior to that date, is therefore sustained, and all such testimony is excluded from the consideration of the court. To which ruling plaintiff excepted."

Thereafter as of September 11, 1941, the court found against plaintiff and dismissed his petition. A motion for a new trial having been made and overruled, plaintiff appeals on a question of law. His principal contention is found in the exclusion of this evidence subsequently elided from the record, upon the legal as-

sumption that the two remaining causes of action for divorce were not *res judicata* by the 1936 dismissal. It of course followed that plaintiff complains of the ruling on the motion for new trial and of the final judgment entered against him.

From the previous comments and observations it thus appears that the principal question presented by this appeal is whether or not a dismissal of a cause of action by a plaintiff before its final submission to the court, before whom it is triable, is *res judicata* of a subsequently filed like action, when the matters in issue are not barred by any statute of limitations?

It is conceded by appellee that under the common law, a plaintiff generally might so dismiss and not thereby bar himself from the bringing of the same action at a later date. But it is further maintained that this is no longer the rule in Ohio, because the subject of dismissals is now regulated by statute, that is Section 11586, General Code, the pertinent parts of which read as follows:

"An action may be dismissed without prejudice to a future action:

"1. By the plaintiff, before its final submission to the jury, or to the court, when the trial is by the court;
\* \* \*

"In all other cases the decision must be on the merits, upon the trial of the action."

Appellant, however, takes a different view of the matter. He admits that the statute is antagonistic in certain respects to the practices of the common law, but that in his case it is simply declaratory of it, for the apparent reason that what is permissible under the first subdivision of the statute was the rule under the common law, as is evidenced by the fifth paragraph of the syllabus of *Loudenback* v. *Collins,* 4 Ohio St., 251. Appellant goes further and asserts that even if

the *Loudenback case* was decided before Section 11586, General Code, came into existence, it is authority for the rule of pleading that one must plead and prove, where *res judicata* is relied upon as a defense, that the prior decision was upon the merits. The appellee did not so plead; and plaintiff says it was not proven that the second Crawford county case was disposed of upon the merits; and hence in view of lack of pleading and proof, the defense of *res judicata* was improperly invoked and ultimately prevailed. But appellee says that the statute changes all this.

Section 11586, General Code, clearly directs that ''an action may be dismissed without prejudice to a future action'' in six specific instances, and concludes with the inhibition that ''in all other cases the decision must be on the merits, upon the trial of the action.'' In other words it is prescribed that if a cause is dismissed in one of the six ways provided it shall stand as if it had never been commenced; and that if a cause be dismissed in any other way it must be considered to have been done upon the merits, and from which it would naturally follow that if such was done a defensive plea of *res judicata* could be properly invoked. Speaking generally of dismissals it must therefore be said that the first portion of the statute with its six enumerated instances is declaratory of the common law. Its later portion, however, is antagonistic to it, and abridges the early rule that *res judicata* may be relied upon only when a cause has actually been decided on the merits.

Appellee would have it that the entry of dismissal does not read that plaintiff's dismissal of his cause was ''without prejudice.'' We recognize that these words have caused some confusion, but we think unnecessarily so. Why should they? The statute distinctly says that actions may be dismissed without

prejudice to a future action in six distinct ways and for six separate reasons and for no other. When the statute directs, such words in a journal of dismissal are purely superfluous, because if the dismissal is made in accordance with one of the six instances it is not a bar to a future action; but if it is made to appear that a dismissal was for any other reason, then the rule of the common law no longer holds, and the cause must be considered as having been disposed of on the merits and vulnerable to a defense of prior adjudication.

The trial court, to our notion, misconceived what was actually held in *Siegfried* v. *Railroad Co.*, 50 Ohio St., 294, 34 N. E., 331. In this case the plaintiff caused his petition to be dismissed and on the next day refiled his cause. The refiling, however, was done after the then four-year statutory bar of the limitation of such action had commenced to run. The defendant defended and pleaded ''the statute of limitations in bar of the action'' which is hardly a plea of *res judicata*. Thereupon the plaintiff countered with the claim that he had failed otherwise than upon the merits and hence the provisions of 4991, Revised Statutes, now known as Section 11233, General Code, were available to him. The court's answer was no. It stated the question before it, page 296: ''Did the plaintiff fail in his first action, within the purview of the section of the statute [Section 4991, Revised Statutes] above quoted.'' The court was not interpreting the provisions of present Section 11586, General Code. It went on to say: ''We think the plaintiff, by the voluntary dismissal of his action, did not so fail; and his second action, * * * was therefore barred. To fail, implies an effort or purpose to succeed. One cannot, properly, be said to fail in anything he does not undertake, nor, in an undertaking which he voluntarily abandons.''

It appeals to us that when appellant caused his second petition in Crawford county to be dismissed in accordance with the first instance specified in Section 11586, General Code, he did what he had an absolute right to do without prejudice to a future action and concerning which no action of the court was involved. See, page 297 of the *Siegfried case, supra,* and *State, ex rel. Cash,* v. *Rose, Judge,* 136 Ohio St., 143, 24 N. E. (2d), 455. He was not confronted with the bar of any statute of limitations as was Siegfried. He has no need of aid from Section 11233, General Code, which is not in this case. When he caused his second action to be dismissed, it stood as if he had never caused it to have been begun, and never existed. He simply abandoned his action which Section 11586, General Code, says he may do without prejudice to a future action.

Appellee urges upon us two Massachusetts cases, *Thurston* v. *Thurston,* 99 Mass., 39, and *Bradley* v. *Bradley,* 160 Mass., 258, 35 N. E., 482. Seemingly these cases support the appellee's view; but if the later case of *Wight* v. *Wight,* 272 Mass., 154, 172 N. E., 335, is carefully examined, it will be disclosed that the Massachusetts rule comports with the general rules respecting *res judicata* in those states which have no statutes covering dismissal of actions without prejudice. We think that *State, ex rel. Strong,* v. *Cook, Clerk,* 124 Ohio St., 478, 179 N. E., 352, supports our conclusions herein reached. Its reasoning may be pursued with profit.

Appellant asks that this court enter the judgment which the trial court should have entered; that is, a decree of divorce be granted plaintiff. This we decline to do. This court is a court of review and not one of first instance in an action for divorce. It appears affirmatively from the record that the trial court did

not consider any testimony received in evidence on the issues of wilful absence for three years and adultery that antedated the date of plaintiff's voluntary dismissal of his second Crawford county action. This being true, it is evident that the trial court did not act upon all of the evidence. We refuse to pass upon that which the trial court has not passed upon, and hold to be erroneous something that as yet has not been considered by it.

It is the judgment of this court that the appellee's answer and proof do not plead or prove her right to the defense of *res judicata* as herein indicated. The judgment is reversed and the cause remanded to the trial court for such further proceeding as is just and proper.

*Judgment reversed and cause remanded.*

LEMERT, P. J., and MONTGOMERY, J., concur.