OPINION
{¶ 1} This is an appeal from an order of the domestic relations division of the court of common pleas that dismissed Defendant-Appellant David C. Partridge's motion to modify a child custody order.
 {¶ 2} David C. Partridge and Julie L. Spirito (fka Partridge) were divorced in 1997. Julie[1] was designated residential parent of the parties' two minor children.
 {¶ 3} On February 26, 2003, David moved for change of custody and/or a shared parenting order. A guardian ad litem was appointed. A hearing on the motions was scheduled for May 14, 2004.
 {¶ 4} On September 28, 2004, the court entered an order captioned "Dismissal After 30 Days If No Action Taken," stating:
 {¶ 5} "This Court having taken judicial notice of its own records, finds that there has been a lack of progress in this case and unless a motion showing good cause to the contrary, or the actual Decree of shared Parenting is filed on or before 10/5/04, it is the Judgment of this Court that this case be dismissed, at Plaintiffs cost, without prejudice."
 {¶ 6} On November 4, 2004, the court entered the following further order:
 {¶ 7} "Upon the Court's own motion and pursuant to Civil Rule 41(B) the Motions of the Defendant filed February 26, 2003 and the Amendment to the motion filed November 5, 2003 are DISMISSED. Defendant has failed to prosecute the case or comply with the Civil Rules of Procedure although more than adequate time was allowed to do so.
 {¶ 8} "Deborah Shram, attorney for the defendant, was Ordered to submit a Shared Parenting Plan and Decree as agreed upon on May 14, 2004. The Court has made several inquiries with Ms. Schram's office to determine the status of the Decree and was told on numerous occasions that the paperwork would be submitted soon. Due to the amount of time expended on this case, and the lack of progress, it is ORDERED that the defendant's Motions be dismissed."
 {¶ 9} David filed a timely notice of appeal from the court's order of dismissal. He presents four assignments of error:
 FIRST ASSIGNMENT OF ERROR {¶ 10} "THE COURT FAILED TO HEAR THE CASE IN A TIMELY MANNER, AND DISMISSED THE CASE DUE TO INAPPROPRIATE/INACTIONS OF THE OFFICERS OF THE COURT."
 SECOND ASSIGNMENT OF ERROR {¶ 11} "THE COURT APPOINTED GAL SHOWED BIAS AND A LACK OF SUFFICIENT DISCOVERY AND/OR OBJECTIVITY."
 THIRD ASSIGNMENT OF ERROR {¶ 12} "SINCE THE DEFENDANT WAS UNDER FEDERAL BANKRUPTCY PROTECTION, AND SINCE OVER $3,700 WAS SPENT BY THE DEFENDANT, AND NO FINAL DECREE WAS ISSUED BY THE COURT, THIS EFFECTIVELY AMOUNTS TO A DENIAL OF ACCESS TO THE LEGAL SYSTEM BY THE COURTS. THE DEFENDANT CAN NOT AFFORD TO SPEND ANOTHER $3,700 NOT TO HAVE THE EVIDENCE HEARD BY THE COURT AND GUARDIAN AD LITEM (GAL)."
 FOURTH ASSIGNMENT OF ERROR {¶ 13} "ANY OTHER REASONS LISTED BELOW IN THE BACKGROUND AND DETAIL SUMMARY BELOW." (Sic)
 {¶ 14} Sup.R. 7 of the Rules of Superintendence promulgated by the Supreme Court of Ohio contemplates judgment entries prepared by counsel at the direction of the court. It appears that the domestic relations court, following a hearing, granted David's motion and ordered his attorney to prepare a shared parenting order.
 {¶ 15} Civ.R. 41(B)(1) provides:
 {¶ 16} "Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."
 {¶ 17} In its order of September 28, 2004, having found that no shared parenting order had been submitted, the court notified counsel that unless an order was submitted on or before October 5, 2004, or good cause shown for failing to submit the shared parenting order was shown, the case would be dismissed, without prejudice. Neither happened, and on November 4, 2004, the court dismissed David's motion for change of custody and/or shared parenting pursuant to Civ.R. 41(B)(1).
 {¶ 18} Civ.R. 41(B)(3) states that a dismissal pursuant to Civ.R. 41(B) "operates as an adjudication upon the merits unless the court, in its order of dismissal, otherwise specifies." The order of dismissal the court entered on November 4, 2004, contained no such specification. However, it referred back to the prior order the court had entered on September 28, 2004, which specified that the dismissal would be "without prejudice."
 {¶ 19} A dismissal without prejudice means that the claim for relief is not unfavorably affected, and that all rights remain as they stood when the matter was commenced. Brown v. Brown (1942), 70 Ohio App. 41. Therefore, the merits of David's motion were not adjudicated, and not having adjudicated them the order of dismissal did not prevent a judgment on the merits of the motion. An order must "prevent a judgment" to be final, R.C. 2505.02(B)1), and only final orders are subject to review on appeal. Gen. Acc. Ins. Co. V. Insurance Co. Of North America (1989),44 Ohio St.3d 17. However, the order of dismissal did prevent a judgment with respect to the right to relief David invoked in the proceeding in which it was entered. It was final to the extent that it foreclosed that right, and like provisional remedies is subject to partial appellate review. App.R. 4(B)(5). Our standard of review with respect to the dismissal the court ordered is the abuse of discretion standard. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 20} In his arguments in support of his four assignments of error, David presents but one contention that questions the correctness of the court's November 4, 2004 order of dismissal. He contends that the court's prior notice of September 28, 2004, stating that such a penalty could be imposed, should have been served on him instead of on his attorney. However, Civ.R. 5(B) provides that when service is made the service "shall be made" on a party's attorney when the party is represented by an attorney in the proceeding. Further, Civ.R. 41(B)(1) expressly provides for "notice to plaintiff's counsel." No abuse of discretion is shown.
 {¶ 21} David makes two other contentions of a general nature. First, he contends that he was deprived of his right to effective assistance of counsel when his counsel failed to file the required shared parenting order. This record does not show why that happened. Therefore, a finding of ineffective assistance would necessarily be speculative. More significantly, the Sixth Amendment right to effective assistance of counsel applies in criminal proceedings only. See Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2054.
 {¶ 22} David's other contentions go to the merits of his motion and the proceedings thereon which the trial court held. Those matters are, as we have said, not subject to our review. Even if they were, David has not submitted a transcript of the proceedings from which the alleged error may be determined, which Civ.R. 9(A) requires him to do. Therefore, we cannot reach the merits of the error he assigns.
 {¶ 23} The assignments of error are overruled. The judgment of the trial court will be affirmed.
Brogan, P.J. And Fain, J., concur.
[1] For clarity and convenience, the parties are identified by their first names.