Smith v. Auld.

---

ALBERT G. SMITH v. DAVID AULD, *et al.*

1. REFUSAL OF RELIEF, *No Bar in Another Action.* Where it affirmatively appears on the face of the record in an action against several parties in which different matters of relief are sought, that the court refuses to grant one of such matters on the ground that affecting only some of the parties it was not determinable in that action, *held*, that the plaintiff was not thereby barred from obtaining such relief in a subsequent action.

2. ACTION, *Dismissed; Subsequent Action; No Estoppel.* A commenced an action against B and C in which he claimed to be the owner and entitled to the possession of an undivided half of certain real estate; that B was the owner of the other half; that C held a tax deed, and was in possession; that he had held possession for years, and had collected rent in excess of the taxes paid by him; that the tax deed was void; and

prayed for, first, possession of the undivided half; second, partition be-
tween himself and B; and third, for recovery of rents and profits. The
case was tried by the court without a jury. Special findings of fact were
made. A was found to be the owner of the half; possession and parti-
tion were awarded. In respect to the rents, the court found the amount
received by C and the taxes paid by him, and the excess of the former
over the latter; but further stated in the findings that A's claim for rents,
being a matter of accounting between A and C and not affecting all the
parties to the action, could not be determined therein, and was refused.
In the entry of the judgment or decree was a formal order dismissing
plaintiff's claim for an accounting with C and judgment against him
for the excess of rents over taxes, but such order of dismissal was not
in terms stated to be without prejudice. *Held,* That notwithstanding
this omission, A was not estopped from prosecuting a subsequent action
against C to recover the excess of rents over taxes.

### *Error from Atchison District Court.*

THE nature of this action, and the facts, are stated in the
opinion. At the December Term, 1882, defendants *Auld*
and two others recovered a judgment for $72.98 costs against
plaintiff *Smith,* who brings it here for review.

*W. W. Guthrie,* for plaintiff in error.

*Everest & Waggener,* for defendants in error.

The opinion of the court was delivered by

BREWER, J.: The question in this case is one of *res ad-
judicata.* The facts are these: On June 24, 1873, plaintiff
brought a certain action in the district court of Atchison
county against George Scarborough, David Auld, and W.
R. Stebbins. The petition alleged that plaintiff was the
owner and entitled to the possession of the undivided half
of certain real estate in Atchison city; that while entitled to
the possession, he had in fact been deprived of it for several
years by defendants. It alleged that Scarborough was the
owner of the other undivided half; that Auld and Stebbins
claimed to own the property by virtue of a tax deed; that
the tax deed was void; that defendants had held possession
for years, and collected rents largely in excess of taxes paid.
The prayer was for possession of the undivided half, parti-

tion, and for rents and profits; and also that the tax deed be adjudged void, and the cloud cast thereby on plaintiff's title removed. The trial was had in this case at the November term, 1874, before the court without a jury, and judgment rendered in favor of Smith, adjudging him the owner of the undivided half, and decreeing partition as between him and Scarborough. The tax deed was adjudged void, and defendants barred from setting up any claim to the property by reason thereof. The defendants brought the case to this court, and the judgment was affirmed. (18 Kas. 399.) No judgment was rendered in favor of the plaintiff for the rents and profits claimed, for reasons to be hereafter stated. Thereafter the plaintiff commenced this action to recover such rents and profits. The case was tried in the district court without a jury, and judgment rendered in favor of the plaintiff for $261.85. That judgment was brought to this court, and reversed. (23 Kas. 65.) The case went back for a second trial, and on this trial the court found in favor of defendants. The plaintiff now alleges error.

On the former trial of this case, the district court treated the findings in the old case of *Smith v. Scarborough*, as an adjudication, and upon them rendered judgment in favor of the plaintiff. This court held that was error, and that findings without a judgment do not amount to an adjudication. The facts as disclosed by the record in the original case are as follows: "Auld and Stebbins collected $1,825 as rent from 1868 to 1875, on the same," that is, on said real property. (10th finding of fact.) "Auld and Stebbins paid $1,354.25" taxes on said property. (11th finding of fact.) "Auld and Stebbins and Scarborough went into possession of said lot on March 30, 1868, and have ever since been in possession and receiving rents, and have also paid taxes, as appears on the tax-roll, thereon each year, and each year's rent has been in excess of each year's taxes, and in the aggregate has been $470.75 in such excess." (24th finding of fact.) "The plaintiff's claim for a judgment for rents received, being a matter of accounting between them (Smith, Auld and Stebbins), and

not affecting all the parties to this action, the same cannot be determined in this action, and the same is refused. It is sufficient here to say that the rents received are in excess of the taxes paid by them (Auld and Stebbins), and consequently there can be no lien against the property." (Part of conclusions of law.) "And plaintiff also excepts to the dismissal by the court of his claim for an account of rents and profits against Auld and Stebbins, and refusal to make a decision thereon." (Part of plaintiff's exceptions.)

"And the court thereupon does dismiss so much of the plaintiff's petition as demands an accounting for the rents and profits against defendants Auld and Stebbins, and a personal judgment therein against such defendants for any excess therein found due to plaintiff." (Order of judgment dismissing plaintiff's claim for rents and profits.)

Judgment was rendered in that action, that the property belonged to Smith and Scarborough, and that neither Auld nor Stebbins had any lien thereon or interest therein, and that the property should be partitioned between Smith and Scarborough; "and that of the costs in the action, said Auld and Stebbins be adjudged to pay ten dollars, part thereof, and each said Albert G. Smith and George Scarborough one-half the balance of such costs, and therefor that execution issue." No judgment further than the said judgment or order of dismissal was rendered concerning said rents or profits.

On the second trial, the district court held that the proceedings in the first case were an adjudication against the plaintiff's right to recovery. This of course goes to the other extreme. On the first trial, the proceedings were held conclusive in favor of the plaintiff, and now they are held conclusive against the plaintiff. This rests upon the theory that the question of rents and profits was in issue in the former case, and that a failure to render judgment for them is equivalent to a judgment against them. And the question now presented is, whether the findings, order and judgment in the first case are an adjudication conclusive against the plaintiff's right of recovery.

The whole philosophy of the doctrine of *res adjudicata* is summed up in the simple statement that a matter once decided is finally decided; and all the learning that has been bestowed and all the rules that have been laid down, have been for the purpose of enforcing that one proposition. One rule fully established is, that you may examine the entire record of the prior action in order to determine what was in fact adjudicated. The inquiry is not limited to the mere formal judgment. It extends to the pleadings, the verdict, or the findings, and the scope and meaning of the judgment is often interpreted by the pleadings, verdict, or findings. Indeed, to determine the matters which were adjudicated, not only may you look to the entire record, but also in many instances you may resort to parol testimony. ( *Wood v. Jackson*, 8 Wend. 10; *Doty v. Brown*, 4 N.Y. 71; *Babcock v. Camp*, 12 Ohio St. 11; *Strother v. Butler*, 17 Ala. 733; *Littleton v. Richardson*, 34 N. H. 179.)

Now if we examine the record, nothing can be plainer than that the court did not pretend to decide whether plaintiff was or was not entitled to recover rents and profits. True, it found the amount of taxes paid, the amount of rents collected, and the excess of the latter over the former, but it expressly said that the plaintiff's claim for judgment for rents, being a matter of accounting between certain of the parties, and not affecting all, could not be determined in that action, and was refused. It is true that the last clause is, that the claim was refused; and if that stood alone, it might be fairly inferred that the court decided against the validity of the claim. But that clause is interpreted manifestly by what precedes, and taking it all together it means that the court refuses to render judgment in reference to this rent matter, because it is not properly determinable in that action. Taking the whole language of this finding together, the question is free from doubt.

But it is said by counsel for defendants in error, that in the entry of judgment was an order dismissing plaintiff's claim for rents and profits; that such dismissal does not pur-

port to have been made without prejudice; that the action was an equitable one; and that the settled rule in equity proceedings is, that a judgment of dismissal, unless expressly stated to be without prejudice, is conclusively presumed to be a judgment on the merits, and a final determination of the controversy — citing in support thereof, these among other authorities: *Barrowscale v. Tuttle*, 5 Allen, 377; *Foote v. Gibbs*, 1 Gray, 511; *Perin v. Dun*, 4 Johns. Ch. 141; *Durant v. Essex Co.*, 7 Wall. 107; *Weldon v. Bodley*, 14 Pet. 156; *Bigelow v. Winsor*, 1 Gray, 299–301; *Durant v. Essex Co.*, 8 Allen, 103; *Blackington v. Blackington*, 113 Mass. 231.

We think counsel state the rule a little too broadly, even as respects the old equity practice. In Freeman on Judgments, § 270, the author thus states it:

"The dismissal of a bill in chancery stands nearly on the same footing as a judgment at law, and will be presumed to be a final and conclusive adjudication on the merits, whether they were or were not heard or determined, unless the contrary is apparent on the face of the pleadings, or in the decree of the court."

Story, in his Commentaries on Equity Pleadings, §§ 791, 793, holds that an order of dismissal is a bar only where the court has determined that the plaintiff had no title to the relief sought by the bill, and that therefore a dismissal for the want of prosecution is no bar. (See also *Neafie v. Neafie*, 7 Johns. Ch. 4.)

In the case of *Loudenback v. Collins*, 4 Ohio St. 251, the court held, that when it did not appear affirmatively that the dismissal was upon the merits or upon hearing, it would not be presumed that it was so dismissed, and that it was therefore no bar. A similar ruling was made in the case of *Love v. Trueman*, 10 Ohio St. 45. In that case a demurrer to the bill was sustained, and thereupon, as the record reads, the bill was dismissed at the cost of complainants. The court said that the sustaining of the demurrer might have been on the ground that there was a plain and adequate remedy at law, and therefore no jurisdiction in a court of equity; and hence

the subsequent dismissal did not affirmatively appear to be a decision upon the merits.

In the case of *Foster v. The Richard Busteed,* 100 Mass. 409, the court thus states the law:

"To be a bar to future proceedings, it must appear that the former judgment necessarily involved the determination of the same fact, to. prove or disprove which, it is introduced in evidence. It is not enough that the question was one of the issues in the former trial. It must also appear to have been precisely determined. The doctrine of *res adjudicata* is plain and intelligible, and amounts simply to this: that a cause of action once finally determined without appeal between the parties, on the merits, by any competent tribunal, cannot afterward be litigated by new proceedings, either before the same or any other tribunal. But no such effect is attributable to a decree dismissing a bill for want of jurisdiction, failure of prosecution, want of parties, or any other cause involving the essential merits of the controversy. (1 Dan. Ch. Pr., 3d Am. ed., 683, 808.) And where in the answer various matters of defense are set up, some of which relate only to the maintenance of the suit, and others to the merits, and there is a general decree of bill dismissed, from which it does not appear what was the prevailing ground of defense, it is impossible to hold that the decree operates to preclude future proceedings."

See also *Foote v. Gibbs,* 1 Gray, 412; *Howard v. Kimball,* 65 Me. 308; *Merritt v. Campbell,* 47 Cal. 542; *Gray v. Dougherty,* 25 Cal. 266–272.

In the case from 1 Gray, Chief Justice Shaw, speaking for the court, observes:

"But if a court does not take jurisdiction of a suit in equity, but dismisses the bill because the plaintiff has an adequate remedy at law, or for want of prosecution or otherwise, for some cause not embracing an adjudication on the merits, such dismissal is not a bar."

We think it fairly follows from these authorities that the mere fact that the dismissal is not expressed to be without prejudice, does not necessarily establish that it was a decision on the merits, and therefore a bar to a subsequent action.

But it is said that this was an equity action; that the court

had jurisdiction of the parties, and could fully determine all rights between them; that it had jurisdiction to render judgment in favor of the plaintiff, and against Auld and Stebbins, for these rents; that this is clear from the opinion of this court in 18 Kas., *supra;* that the issue as to the rents and profits and the recovery thereof was fully tendered by the pleadings, and that notwithstanding all this the court rendered judgment against the plaintiff in respect to these rents; and that whatever reason the court may have given, whether good or bad, does not avoid the effect of the judgment which in fact it rendered. In other words, looking at it in the most favorable light for the plaintiff, it is simply a case of a wrong reason for a right judgment; and that in any subsequent inquiry, regard will be paid rather to the fact of the judgment than to the sufficiency or the insufficiency of the reasons given for it; that not only was a judgment rendered, but exceptions were taken, and the plaintiff if he had desired could have brought the record to this court and obtained a review of so much of the judgment as denied him relief for rents. This reasoning is not satisfactory. The vice of it is here: no distinction is drawn between a reason for a judgment on the merits, and a reason for refusing judgment on the merits. If it appears that judgment on the merits was in fact rendered, then, whether the reason therefor be good or bad, is immaterial; but here the reason that the court gives is for its refusal to render judgment on the merits, and that reason determined the scope and effect of the judgment which it in fact rendered. The fact that exceptions were taken, and that the judgment or order of dismissal might have been brought to this court and reviewed, is not conclusive; for wherever an order of dismissal is entered, whether involving a decision on the merits, or based upon the ground of a want of proper parties, or on the ground that the action was prematurely brought, or any other matter outside the merits, the order or judgment of dismissal may be brought to this court and reviewed. The fact that the trial court may consider any of these outside matters as sufficient to prevent an inquiry into the merits of the claim,

is not conclusive on that question, and may be corrected by proceedings in error. If not corrected, it remains simply as an adjudication of the precise matters determined, and not as a judgment on the merits.

In conclusion, it may be laid down as a general proposition, that wherever from the face of the record it affirmatively appears that an order of dismissal was based on matters other than the merits, such order of dismissal will not be a bar to a future action. From the findings of fact as preserved in the record, it is apparent that the case is ready for final disposition by this court. The judgment will therefore be reversed, and the case remanded with instructions to enter judgment in favor of the plaintiff in error, plaintiff below, for the sum of $361.70.

VALENTINE, J., concurring.

HORTON, C. J., not sitting, having been of counsel at one time in the case in the court below.