[No. 6503.  Decided March 30, 1907.]

FRANK TREMMEL *et al., Appellants,* v. ANNA MESS,
*Respondent, et al.*[1]

TAXATION — SUMMARY SALE — DEEDS — ASSESSMENT — IRREGULARI-
TIES—EFFECT. A sale of lands for city taxes, under summary proceed-
ings requiring a strict compliance with the statute, is void where the
assessor failed to prepare an assessment roll in the manner required,
or to file any roll within the time limited, and no notice of the meet-
ings of the board of equalization was given, which did not meet
within the time limited, and the comptroller failed to prepare or de-
liver a delinquent list, as required.

ADVERSE POSSESSION—PAYMENT OF TAXES—STATUTES—CONSTRUC-
TION.  Under Bal. Code, § 5504, providing that any one who, under
color of title to vacant lands, makes payment of taxes for "seven
successive years," shall be adjudged the owner of the legal title, re-
quires that seven years shall elapse between the date of the first pay-
ment of taxes and the commencement of the suit; and one who in
1902 redeems a tax certificate for previous years, since 1897, and pays
subsequent taxes covering eight years in all, cannot maintain the
action in 1906, four years after his first payment, if his redemption
can be considered a payment of taxes.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered August 4, 1906, upon findings in
favor of the defendant, after a trial on the merits before the
court without a jury, in an action to quiet title.   Affirmed.

*H. E. Foster,* for appellants.
*George McKay,* for respondent.

MOUNT, J.—The plaintiffs brought this action, alleging
that they are the owners in fee of certain described real
estate in King county, and that the defendants without right
claim to be the owners of the property.   The prayer is for
a decree quieting title in the plaintiffs.   The defendants
Carroll and wife answered, disclaiming any interest in or to

[1]Reported in 89 Pac. 487.

the land, and were thereupon dismissed. The defendant
Anna Mess answered, denying the allegations of the com-
plaint and alleging title in herself by mesne conveyance from
the United States, and prayed to have her title quieted against
the claims of the plaintiffs. The cause was tried upon these
issues. The court made findings in favor of the defendant
Anna Mess, and entered a judgment quieting title in her,
upon the payment by her to the plaintiffs of certain taxes
paid by the plaintiffs upon the property. Plaintiffs appeal
from this judgment.

There appears to be no substantial dispute upon the facts
in the case. The respondent traces her title by mesne con-
veyances from the United States, under a patent issued Janu-
ary 9, 1882. The appellants trace their title by mesne con-
veyance, under tax deeds issued on May 19, 1894, by the
treasurer of the city of Seattle, for taxes assessed and levied
by the city for the year 1891. Appellants also claim owner-
ship under the provisions of Bal. Code, § 5504 (P. C. § 1161),
as follows:

"Every person having color of title made in good faith
to vacant and unoccupied land, who shall pay all taxes legally
assessed thereon for seven successive years, he or she shall be
deemed and adjudged the legal owner of said vacant and un-
occupied land to the extent and according to the purport of
his or her paper title. All persons holding under such tax-
payer, by purchase, devise or descent, before said seven years
shall have expired, and who shall continue to pay the taxes as
aforesaid, so as to complete the payment of said taxes for
the term aforesaid, shall be entitled to the benefit of this sec-
tion: *Provided, however,* If any person having a better paper
title to said vacant and unoccupied land shall, during the said
term of seven years, pay the taxes as assessed on said land
for any one or more years of said term of seven years, then
and in that case such taxpayer, his heirs or assigns, shall not
be entitled to the benefit of this section."

It is admitted by the pleadings that the lands in question
are vacant and unoccupied lots. We shall consider these two

claims of the appellants in their order. The record shows that the tax deeds are based upon a levy and sale for taxes assessed by the city of Seattle, under the freeholders charter of 1890, which provided for a summary system of levy and collection of taxes, unlike the system now in force. In order to devest the owner of his title to the land under such proceedings, the requirements of the statute must be strictly followed. *Gove v. Tacoma*, 34 Wash. 434, 76 Pac. 73. The evidence shows, and the court found, that the provisions of the charter were not followed in several important and vital particulars. For example, the charter provided that the assessor, between April 1 and July 1, should prepare a roll of the real property with the valuation thereof, and file the same with a certificate of its correctness with the city clerk. The evidence shows that this was not done, but instead the city purchased a roll from the county. It was not filed with the clerk until July 30. The charter required the board of equalization to meet on August 1, and that five days' notice should be given thereof. No such notice was given, and the board did not meet until two weeks later. The charter required the city comptroller to prepare a list of delinquent taxes and to fix his warrant to such delinquent list, directing the city treasurer to proceed to advertise and sell the land for delinquent taxes. The evidence shows that no such warrant was issued or attached; and also other irregularities of this kind. We are satisfied that the tax deed issued in this case was entirely void, and even if the deed is *prima facie* evidence of the regularity of the proceedings as appellants now contend, still enough is shown and found by the court under the undisputed facts to show that the deed is void because of irregularities above stated. *People v. Hastings*, 29 Cal. 450 ; Black, Tax Titles (2d ed.), § 201.

Appellants next contend that, even if the tax deed is void, still it is sufficient with the payment of taxes for seven years to vest the legal title in them under the provisions of § 5504 above quoted. The facts in regard to the payment of taxes

are that respondent permitted the general state and county taxes to become delinquent for the years 1895 and 1896. She afterwards purchased certificates of delinquency for those years in the name of her son, because of certain defects in her title. She afterwards paid the taxes for the years 1897, 1898 and 1899, and took receipts in the name of her son. In February, 1902, one Lambert, who then held the tax title, redeemed from the county treasurer the certificates of delinquency standing in the name of respondent's son, and also the taxes purporting to have been paid by him for the years 1897, 1898 and 1899, and on the same day paid the taxes for the years 1900 and 1901. Appellants afterwards paid the taxes for the years 1902 and 1904. ·Respondent paid the taxes for the year 1903, and on June 7, 1903, while Mr. Lambert still held the tax title, she tendered to him, with interest, the amount which he had paid for the redemption of the certificates of delinquency and taxes paid by him, and afterwards tendered to appellants all taxes paid by them and their predecessors, with interest. It will be seen that the appellants and their predecessor, Mr. Lambert, have paid seven years' taxes, but the first payment of taxes, if a redemption of a tax certificate may be said to be a payment of taxes within the statute above quoted, was made in 1902. This action was brought in 1906, so that only four years elapsed after the first payment of the taxes. The supreme court of Illinois has construed a statute identical with ours to mean that, in order to constitute a bar, seven years must elapse between the date of the first payment and the commencement of the suit. *Burton v. Perry*, 146 Ill. 71, 34 N. E. 60, and cases there cited. We think that construction is undoubtedly correct.

We find no error in the record, and the judgment is therefore affirmed.

HADLEY, C. J., ROOT, CROW, FULLERTON, DUNBAR, and RUDKIN, JJ., concur.