[No. 10789.  Department One.  May 1, 1913.]

HENRY F. EGBERS, *Respondent*, v. EDWARD J. FISCHER *et al.,
Appellants.*[1]

TAXATION—LIEN FOR TAXES PAID—GOOD FAITH—EVIDENCE—SUF-
FICIENCY. Findings in an action to foreclose a lien for taxes paid
that payment of the taxes was made in good faith, are sustained,
where the plaintiff testified that he was without experience, and did
not procure an abstract, that he believed an administrator's deed
submitted to him by his grantor, together with the deed of the
grantor, conveyed him good title, upon the faith of which he paid
the taxes, and that he examined the land and found it unoccupied,
although the administrator's deed was without the chain of title and
he paid but a small sum for the property.

[1]Reported in 131 Pac. 1128.

JUDGMENT—RES JUDICATA—QUESTIONS CONCLUDED. A judgment of dismissal in an action brought to establish title in fee to land is not *res judicata* or a bar to a subsequent action brought by the same plaintiff to foreclose his lien upon the land for taxes paid in good faith.

Appeal from a judgment of the superior court for King county, Joiner, J., entered May 15, 1912, in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to foreclose a tax lien. Affirmed.

*S. D. King*, for appellants.

*Lambuth & Rembert*, for respondent.

GOSE, J.—This is an action to foreclose a lien for taxes which the plaintiff claims to have paid in good faith, believing that he was the owner of the property upon which the taxes. were assessed. A decree was entered in harmony with the bill. The defendants have appealed.

The appeal presents two questions, one of fact and one of law: (1) Did the respondent pay the taxes in good faith, induced by a belief that he owned the property sought to be charged with the lien, and (2) is he estopped by a former judgment?

(1) In respect to the first proposition, the respondent testified, that he was by occupation a hotel keeper; that he had never dealt in lands; that he knew nothing about examining land titles; that he did not procure an abstract of title to the land nor have the title examined; that he believed that an administrator's deed submitted to him by his grantor, together with the deed of the grantor, conveyed him a good title, and that in faith of that title he paid the taxes. He further testified that he bought the property through a friend whom he had known for years, who told him, in effect, that he had some lots upon which he had paid taxes and upon which other taxes were due, which he would sell very cheap. Upon the faith of these statements and the administrator's deed which, while without the chain of title,

is regular upon its face, respondent purchased the property. He says that, before purchasing, he examined the land, that there was an old moss-covered fence around it, but that apparently no one was living upon it, and there had been no recent cultivation. He found no one upon the premises at the time he examined it. We think the court correctly held that he paid the taxes in good faith. The argument made against his good faith is that he paid a small sum for the property, and that the administrator's deed was without the chain of title. We do not think he is concluded by these facts. The fact that he dealt carelessly does not necessarily impeach his good faith. It is not questioned that he paid the taxes.

(2) After purchasing the property and paying the taxes involved in the suit, respondent, with others, commenced an action in the superior court of King county, alleging that he was the owner in fee of the land here sought to be charged with the taxes, and prayed that he be adjudged to be such owner and awarded possession thereof, and for general relief. The defendants in that action appeared and pleaded title by prescription. At the close of the plaintiff's case, the defendants therein moved for "an order of nonsuit and for the dismissal of the action," upon the ground that the plaintiff had failed to prove title or right to possession. This motion was sustained, and "judgment and decree of dismissal" was entered.

It is alleged here that the decree "was and is upon the merits." We will assume, as the parties have assumed, that this was a judgment upon the merits. It does not, however, present the question of *res judicata* or estoppel by record. The respondent here, the plaintiff in that action, there relied upon his legal title, and did not seek to establish any lien for taxes paid upon the property. There is no splitting of a cause of action as the appellants contend. It seems quite obvious that there can be no estoppel to prosecute an action to foreclose a tax lien because the plaintiff had prosecuted a former action to establish his legal title and obtain pos-

session of the premises. The two causes of action stand upon
an entirely different footing. In truth, what the respondent
did in the former action was to pursue a remedy which he did
not have, and this does not bar an action upon a proper rem-
edy. *Belt v. Washington Water Power Co.*, 24 Wash. 387,
64 Pac. 525. Nor does it constitute an estoppel of record.
*Thayer v. Harbican*, 70 Wash. 278, 126 Pac. 625; *Dunsmuir
v. Port Angeles Gas, W., El. L. & P. Co.*, 30 Wash. 586, 71
Pac. 9; *Snyder v. Harding*, 38 Wash. 666, 80 Pac. 789;
*Marble Sav. Bank v. Williams*, 23 Wash. 766, 63 Pac. 511;
*Long v. Eisenbeis*, 21 Wash. 23, 56 Pac. 933.

In the *Thayer* case, a suit was brought to recover an at-
torney's fee upon a written contract of employment. We
held that there was no evidence of a meeting of the minds
of the parties on the subject-matter of the controversy; hence,
that there was no written contract, and said:

"Having failed in this action to establish the express con-
tract, he can still maintain another action upon the *quantum
meruit* for the same services. The judgment in this action
is not a bar to such an action, since it requires different evi-
dence to establish the two causes of action. *Buddress v.
Schafer*, 12 Wash. 310, 41 Pac. 43."

In the *Marble Sav. Bank* case this court said:

"The essential thing to determine is, whether or not the
question involved in the second suit was actually litigated
in the first,"

and quoted from an opinion written by Justice Brewer in
*Smith v. Auld*, 31 Kan. 262, 1 Pac. 626, as follows:

"The whole philosophy of the doctrine of *res adjudicata* is
summed up in the simple statement that a matter once de-
cided is finally decided; and all the learning that has been
bestowed, and all the rules that have been laid down, have
been for the purpose of enforcing that one proposition."

In the former case the question of taxes was not made an
issue.

The decree is affirmed.

CROW, C. J., CHADWICK, MOUNT, and PARKER, JJ., concur.