[No. 12740.    Department One.    December 9, 1915.]

CORA L. KENNEDY, *as Administratrix etc., Appellants*, v.
J. H. ANDERSON *et al., Respondents.*[1]

TAXATION—TAX TITLE—DEFECTS—NOTICE—BONA FIDE PURCHASER. A county having acquired no title to land by its tax sale by reason of a defect in the deed, which described land not in existence, it cannot convey any title to a third person, who must take with notice of any defects in the tax foreclosure.

TAXATION—TAX DEED—CONSTRUCTION—FATAL DEFECTS—REFORMATION. A tax deed of a tract described as the triangular block "north of Commercial street and east of Cedar street as the same is designated upon map of Balch's Steilacoom, according to the recorded plat," undertakes to describe a tract in the dedicated plat referred to; and there being no such block shown in the plat or subject to taxation, the tax deed conveyed no property, and cannot be reformed to cover a triangular block outside of the plat, belonging to third persons; although such a tract existed and was pointed out by the county treasurer to a purchaser as the county's tax title property.

ADVERSE POSSESSION—PAYMENT OF TAXES—DURATION AND CONTINUITY. In order to acquire title to vacant lands by the payment of taxes, the payment cannot be made in one sum, but must be made in successive years, for the period of seven years.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered September 11, 1914, upon findings in favor of the defendants, in an action to reform a deed and to quiet title, tried to the court. Affirmed.

[1]Reported in 153 Pac. 319.

*Jas. W. Anderson* and *H. W. Lueders*, for appellants.

*Fogg & Fogg* and *J. W. A. Nichols*, for respondents.

MOUNT, J.—This action was brought to reform a deed, and to quiet title to certain real estate in Pierce county, the plaintiffs alleging that they are the owners of the property. The defendant Stetson Investment Company filed an answer denying that the plaintiffs were the owners of the property the title of which is sought to be quieted, and alleged title in itself. Upon a trial of the case to the court without a jury, the court found, in substance, that the property belonged to the defendant Stetson Investment Company, and entered a judgment denying the relief prayed for by the plaintiffs, and quieted the title to the property in the Stetson Investment Company. The plaintiffs have appealed from that judgment.

It appears from the record in the case that, many years ago, a portion of Balch's Donation Claim, located in sec. 31, twp. 20, N., R. 2, E. W. M., was platted into lots, blocks, streets, and alleys. This plat was designated as "Balch's Steilacoom." This plat did not cover the whole of the donation claim, but ran diagonally across the claim from northeast to southwest, so that at the northeast corner of the plat the blocks were triangular in shape, and the streets intersected the north line of the donation claim at an angle.

Prior to the year 1904, a triangular tract upon this plat was assessed for taxes. The taxes were permitted to become delinquent, and in 1904 a delinquent tax foreclosure suit was prosecuted by Pierce county, and this triangular tract was sold under such foreclosure proceedings, and bid in by Pierce county. Thereafter the commissioners of Pierce county directed a sale of the tract described as follows:

"A triangular block north of Commercial and east of Cedar streets as the same are designated upon map of Balch's Steilacoom."

In January, 1906, at a public sale held by the treasurer of Pierce county, this property was bid in by J. M. Kennedy,

the husband of the plaintiff Cora L. Kennedy, and Mr. Kennedy thereupon paid the purchase price and received a receipt therefor. A few days later Mr. Kennedy lost his life. In February, 1906, Pierce county conveyed to Mrs. Kennedy the tract of land described as follows:

"A triangular block north of Commercial and east of Cedar streets as the same is designated upon map of Balch's Steilacoom according to the recorded plat thereof on file in the auditor's office of Pierce county, Washington."

If any such block appears upon the plat, it is very small and formed where these two streets cross each other.

Taxes were assessed against this property, and also against a triangular piece of property lying north of the plat of Balch's Steilacoom, and between that plat and the inner harbor line of Puget Sound. This tract lying north of the plat of Balch's Steilacoom is a triangular piece, the base of which is 700 feet long, and the perpendicular 101.55 feet. It contains a little more than an acre of land. This tract of land is described by metes and bounds as follows:

"Beginning at the northeast corner of the Lafayette Balch Donation Land Claim in section 31, township 20 north, range 2, east of the Willamette meridian, in Pierce county, Washington; running thence south along the east line of said Balch Donation Land Claim a distance of 101.55 feet, more or less, to the northeast corner of Balch's Steilacoom; running thence west along the north boundary line of Balch's Steilacoom to the meander line of Puget Sound; thence northeasterly and easterly along the meander line of Puget Sound to the beginning, and containing about 1.10 acres."

The appellants claim that the property sold by the county and deeded to Mrs. Kennedy is the triangular tract lying north of the plat known as Balch's Steilacoom, for the reason that, after the sale but before the deed was issued, the county treasurer pointed out this tract as the one described, and because there is no such tract appearing upon the plat of Balch's Steilacoom; and, because the deed from Pierce county describes a tract in Balch's Steilacoom, that they are

entitled to have the deed reformed so as to include the tract north of the plat of Balch's Steilacoom.

We shall not attempt to follow all of the contentions of the appellants. The case seems to be a very plain and simple one. Pierce county acquired title by a forced sale upon delinquent tax foreclosure. The plaintiffs acquired the title only which Pierce county had, and no more. They took with notice of defects in the foreclosure proceedings and in the tax levies. As stated above, the deed from the county to Mrs. Kennedy describes the triangular block as being "north of Commercial street and east of Cedar street as the same is designated upon map of Balch's Steilacoom, according to the recorded plat thereon on file in the auditor's office of Pierce county, Washington." An examination of this map does not disclose any triangular piece within the plat at the intersection of these streets. If there was no such block within the plat, it is clear that no tax could be rightfully levied thereon; and if a tax was levied upon property which did not exist, and title passed through the forms of sale, of course, neither Pierce county nor its grantee acquired any property. The deed from the county to Mrs. Kennedy does not purport to convey property lying outside or north of the plat of Balch's Steilacoom, but recites that the same is designated upon the map of Balch's Steilacoom. It follows, of course, that such deed could not convey property not sold or property outside of the plat; and the deed will not be reformed so as to include property not subject to the particular tax for which the property was sold.

"A tax title being a purely technical title, as distinguished from a meritorious title, and depending for its validity on a strict compliance with the requirements of the statutes in respect to all the prior proceedings, which are wholly *in invitum* as respects the owner of the property, a court of equity will not interfere to reform a tax deed or order the correction of errors in it." 37 Cyc. 1450.

We are satisfied that the court correctly found that the land lying north of Balch's Steilacoom was not the tract of land purchased by the county at the tax sale, or sold by the county to the plaintiffs. It is plain for this reason that the deed will not be reformed to cover that land. The fact that the county treasurer pointed out land not sold to or belonging to the county would not justify a reformation so as to include lands belonging to third parties.

The appellants also claim title to the land in question by reason of having paid taxes for seven years. But it appears plainly from the record that the land was not in the active possession of any one, but was entirely wild and unimproved; that in May, 1912, when taxes were delinquent against this tract of land, the appellant redeemed some tax certificates and paid the taxes for the year 1912, making six years' taxes in all. We have held that, in order to acquire title by the payment of taxes upon vacant and unoccupied lots, as these lots were, that the payment cannot be made in one sum, but must be made in successive years. *Tremmel v. Mess*, 46 Wash. 137, 89 Pac. 487. And in any event, it is apparent from what we have already said that the appellants do not have a paper title to this tract of land.

Upon both points we think the trial court was right, and the judgment is therefore affirmed.

Morris, C. J., Chadwick, Ellis, and Fullerton, JJ., concur.