[No. 26934. Department One. February 23, 1938.]

PHIL BROWNSTIN *et al., Appellants,* v. FRED BRELLE
*et al., Respondents.*[1]

*Arthur H. Hutchinson,* for appellants.

*James R. Chambers,* for respondents.

MAIN, J.—The plaintiff brought this action to quiet title to lots 5 and 6, in block 14, Lakeview Addition to the city of Seattle. The defendants denied the claim of the plaintiff and, by cross-complaint, to which Florence E. Brownstin, the wife of the plaintiff, was made a party, sought to quiet title to themselves to the property mentioned, subject to the administration of the estate of Rosa B. Brelle, deceased, of whom they were heirs and devisees. The trial to the court without a jury resulted in a decree dismissing the plaintiff's complaint and awarding the defendants the relief which they sought. From this decree, the plaintiff and the additional party brought in by the cross-complaint appealed.

[1] Reported in 76 P. (2d) 613.

The title to the property in dispute stood in the name of Rosa B. Brelle for a number of years prior to her death. It was vacant and unoccupied. The theory of the complaint was that the appellants had been in open and notorious possession of the property under color of title for a period of seven years and had paid taxes thereon during that period of time.

Rem. Rev. Stat., § 788 [P. C. § 7538], provides that every person in actual, open and notorious possession of real property under color of title, made in good faith, and who shall for seven successive years continue in possession and shall during that time pay all taxes legally assessed against the property, shall be held and adjudged to be the legal owner thereof.

The appellants cannot claim any rights under this statute because the evidence shows conclusively that they were not in actual, open and notorious possession of the lots in question for the period of seven years, as provided in the statute.

Rem. Rev. Stat., § 789 [P. C. § 7539], provides that every person having color of title, made in good faith, to vacant and unoccupied land, who shall pay all taxes legally assessed thereon for seven successive years, shall be deemed and adjudged to be the legal owner thereof, to the extent and according to the purport of his or her paper title.

The appellants did not make out a case under this statute because they did not pay the taxes on the property each year for seven successive years. The taxes for a number of the years were not, in fact, paid until after the institution of this action. The rule is that the taxes must be paid each year for seven successive years, and, failing in this, the requirements of the statute are not complied with. *Tremmel v. Mess*, 46 Wash. 137, 89 Pac. 487; *Seymour v. Dufur*, 53 Wash.

646, 102 Pac. 756; *Kennedy v. Anderson,* 88 Wash. 457, 153 Pac. 319.

Whether the claim of the appellants is defective for any other reason is not necessary here to determine.

The decree will be affirmed.

STEINERT, C. J., BEALS, GERAGHTY, and HOLCOMB, JJ., concur.