[No. 27749. Department One. March 30, 1940.]

PHIL BROWNSTIN, *Respondent,* v. FRED BRELLE
*et al., Appellants.*[1]

*James R. Chambers,* for appellants.

*Arthur H. Hutchinson* and *Tracy E. Griffin,* for respondent.

SIMPSON, J.—This action was instituted by plaintiff to establish a lien for taxes which he had paid upon two lots in the city of Seattle.

The complaint alleges the payment of taxes by plaintiff for the years 1929 to 1936, inclusive, and that they were paid by him to protect his undivided interest in the property. He prayed for a decree declaring a lien and its foreclosure against the property for the amount

[1]Reported in 101 P. (2d) 321.

of taxes he had paid. In their answer, defendants set up three defenses: First, that the tax payments were barred by the statute of limitations; another, that the taxes were not paid in good faith; and, finally, that all the matters in issue were or could have been litigated in a prior action between the same parties concerning the real property on which the taxes were paid and against which the lien is claimed by plaintiff. The reply put in issue the allegations of the answer. A trial to the court resulted in a judgment denying recovery for taxes paid prior to 1937 and foreclosing a lien for the taxes paid during that year in the sum of $80.31. Defendants appealed.

The assignments of error are that the court erred in holding these taxes were paid in good faith, in holding that the previous case was not *res judicata,* and in allowing any lien for taxes.

The facts are not in dispute.

For several years prior to June 1, 1937, respondent claimed an undivided interest in the real property in question and had paid taxes thereon for the years 1929 to 1933, inclusive. June 1, 1937, he instituted an action in the superior court of King county against the appellants in this case. The purpose of that action was to establish title by adverse possession under color of title and the payment of taxes for seven years. The complaint alleged that plaintiff in that case, respondent here,

". . . has paid or has obligated himself to pay taxes upon said property for the seven years last past, towit: from the 6th day of December, 1929."

June 25, 1937, respondent paid the taxes for the years 1933, 1934, 1935, and 1936, in the total sum of $90.51. That case was tried and judgment entered dismissing the action and quieting title in defendants. The judg-

ment was affirmed on appeal. *Brownstin v. Brelle,* 193 Wash. 553, 76 P. (2d) 613.

■ The trial court found that respondent had paid the taxes in good faith. We are in agreement with that finding. Respondent paid taxes upon the property in the amount of $226.30 for the purpose of protecting the title which he thought he had. Bad faith in cases like this cannot be predicated upon a mistaken idea concerning the right to title of property. *Union Central Life Ins. Co. v. Chesterley,* 100 Wash. 260, 170 Pac. 558.

■ The question relative to *res judicata* as presented in the case at bar, is controlled by *Egbers v. Fischer,* 73 Wash. 308, 131 Pac. 1128, in which case this court held that a judgment of dismissal in a former action which had been instituted for the purpose of establishing a legal title and obtaining possession to real property was not a bar to a subsequent action brought to secure and foreclose a lien for taxes paid in good faith by the plaintiff in the former action, the taxes having been valid liens against the property. We held that the defense of *res judicata* was not good and that it did not constitute an estoppel by record. Judge Gose, speaking for the court, used the following language:

"It is alleged here that the decree 'was and is upon the merits.' We will assume, as the parties have assumed, that this was a judgment upon the merits. It does not, however, present the question of *res judicata* or estoppel by record. The respondent here, the plaintiff in that action, there relied upon his legal title, and did not seek to establish any lien for taxes paid upon the property. There is no splitting of a cause of action as the appellants contend. It seems quite obvious that there can be no estoppel to prosecute an action to foreclose a tax lien because the plaintiff had prosecuted a former action to establish his legal title and obtain pos-

session of the premises. The two causes of action stand upon an entirely different footing. In truth, what the respondent did in the former action was to pursue a remedy which he did not have, and this does not bar an action upon a proper remedy."

While it is true in the *Egbers* case the claim of title did not depend upon the payment of taxes, as in the instant case, yet the object sought in each was the same.

The right to recover the taxes paid and quiet title to the property were inconsistent. The plaintiff in the former case was not in a position to maintain his quiet title action and at the same time seek recovery for the amount he had paid for taxes. Neither could he have sued for the taxes and asked to have the title quieted. A recovery in the present action does not contradict the judgment in the prior one, nor is it inconsistent with that judgment.

Our attention is called to *Union Central Life Ins. Co. v. Chesterley, supra,* as determinative of the question presented. In that case, the plaintiff company attempted to recover taxes which it had paid to protect its mortgage on real estate. This court held that a former action to foreclose the mortgage and recover the taxes was a bar to the subsequent action to recover judgment for the taxes that had been paid.

The *Chesterley* case and the one under consideration are entirely different. In the former, the question of tax payments was and had to be litigated in the foreclosure action, while in the quiet title case brought by respondent, the right to recover the taxes paid was not and could not have been presented to the court except as it related to respondent's right to have his title determined.

The judgment of the trial court is affirmed.

MAIN, MILLARD, and ROBINSON, JJ., concur.

BLAKE, C. J. (dissenting)—I dissent. It is, of course, well established that one who pays taxes upon property, to which he claims title in good faith, may invoke an equitable lien against the property. But, from a reference to *Brownstin v. Brelle,* 193 Wash. 553, 76 P. (2d) 613, it is apparent that the facts do not bring plaintiff within the protection of the rule. In that action, plaintiff claimed title by adverse possession *and payment of taxes* for seven years. In other words he paid the taxes in the *establishment* of title rather than in *protection* of it.