## HELMAN v. PATERSON et al.

No. 7552.   Decided March 14, 1952.   (241 P. 2d 910.)

See 74 C. J. S., Quieting Title, sec. 87. Jurisdiction of Equity to Dispose of old Issues. 19 Am. Jur., Equity, sec. 127.

*Emerson C. Willey, W. G. Howell,* Salt Lake City, for appellant.

*Mitchell Melich,* Moab, for other defendants.

*Donald T. Adams,* Monticello, *R. S. Johnson,* Salt Lake City, for respondent.

CROCKETT, Justice.

The plaintiff, Mrs. Helman, commenced this suit to quiet title to a one-half interest in the "Yellow Circle" mining claims located in San Juan County. The rights of the defendant other than appellant W. C. Paterson were stipulated at the trial to be those of lessees and are not involved here.

The controversy between Mrs. Helman and Mr. Paterson grew out of a joint business venture between them in which they agreed to work together to acquire uranium mining claims. Mr. Paterson was to find and select the claims and Mrs. Helman was to procure the capital for their purchase and development from persons who would then form a corporation to which the mining claims ultimately would be transferred. The basic arrangement between Mrs. Helman and Paterson was that one half of the properties would go to those providing the financial backing, and the other half be divided between them.

Several thousand dollars were raised by Mrs. Helman under this arrangement, and numerous claims were secured by Paterson, among them being the Yellow Circle claims involved in this suit. Title was taken in the joint names of the parties. Subsequently, however, a deed was recorded by Paterson purporting to convey to him the interest of Mrs. Helman in the Yellow Circle claims. Mrs. Helman instituted this action to set aside that deed and have a one-half interest in them quieted in her. From a judgment in plaintiff's favor, defendant Paterson appeals.

There is no question but that the deed recorded by Paterson was signed by Mrs. Helman. However, according to the evidence, it was signed in blank by her and given to Paterson to be used in a transaction involving other claims not in dispute here. Paterson, Mrs. Helman and the financial backers of the venture had discussed a division of the Yellow Circle claims and some other claims known as the "eleven claims" among the parties, and Paterson had

given an option to the others whereby they could have the "eleven claims" outright, and certain of the Yellow Circle claims would then go to him. The court found that this option was never exercised. Apparently, it was in reliance upon the assumption that it had been that Paterson used the blank deed with Mrs. Helman's signature attempting to convey the Yellow Circle claims to himself. The court accordingly found that Paterson had no authority to fill in the deed and quieted title in Mrs. Helman to a one-half interest in the claims in accordance with the original agreement.

Defendant does not challenge the sufficiency of the evidence to sustain the trial court in setting aside the deed. His contention is, that when the court refused to find that he owned the claims outright, it had the duty to appraise the equities of the parties in the properties. He further claims that he put more than three-fourths of the purchase price into the Yellow Circle claims and the court should have either (1) awarded him that proportional interest in them, or (2) granted him a lien on the claims to secure payment to him of the money he spent in acquiring them. He moved to amend the findings, conclusions and judgment to conform to this contention. The trial court denied the motion and he presses that as error on this appeal.

It is not to be denied that defendant is correct in his assertion that as a general rule a court of equity will not enter a partial or incomplete decree but will decide all issues involved in the controversy to accomplish full justice between the parties to prevent further litigation, *Floor* v. *Johnson,* 114 Utah 313, 199 P. 2d 547; *Hultz* v. *Taylor,* 163 Kan. 180, 181 P. 2d 515; *La Jolla Casa De Manana* v. *Hopkins,* 98 Cal. App. 2d 339, 219 P. 2d 871. And such procedure is to be encouraged wherever feasible.

Notwithstanding the foregoing rule, the unusual fact situation existing in his case justified the trial court in refusing to expand the issues as requested by defendant.

The record reveals that this was but one of a series of transactions between them and their financial backers and that the relationship between the parties was a continuing one; that numerous mining claims in addition to those in question had been acquired under the general working agreement; that Mrs. Helman had raised some $72,000 as her part in the project; that over $40,000 of this money was used in securing mining claims; that part of this money was used in purchasing these Yellow Circle claims about which the dispute revolved. This one transaction could not very well be separated from the others and made the subject of a piece-meal accounting. In order to determine what the equities in this property were, it would have been necessary to bring in other parties interested in the over-all transaction and have a general accounting. Neither was it made to appear whether the appropriate time had arrived for a general accounting nor whether there ultimately will be a need for such an accounting through the courts.

Under the new Rules of Civil Procedure and the doctrine set forth in the authorities cited by the appellant referred to above, it may have been within the discretion of the trial court to proceed as requested. However, the question before us is not whether the trial court could have gone into a general accounting and adjudicated all of the adverse claims between these and other necessary parties, but whether by refusing to do so there was such an abuse of discretion as to warrant a reversal.

No effort was made to bring the other necessary parties into the case. As a matter of fact, at the commencement of the action, defendant insisted that it was, to use the words of his own counsel:

"* * * a simple suit to quiet title to certain specified property",

and repeatedly objected to any amplification of the scope of inquiry to show other transactions and the actual status

of accounts between these parties. The plaintiff, Mrs. Helman, in presenting her case introduced considerable documentary evidence tending to show the general relationship of the parties and the group financing the enterprise. Upon insistence of defendant, the exhibits were admitted only for the limited purpose of tending to establish the existence of an agreement between the parties and as to how they would share in their joint venture, and references therein to these particular claims.

The court went along with the defendant's contention that it was only a suit to quiet title to the specific claims as set forth in plaintiff's complaint. This is exemplified by the following excerpts from the record:

"This is the way I am thinking. * * * The only source, if we assume that they bought the property together, then she could only lose her interest to him by reason of her breaking some contract that resulted in forfeiture of it or by a specific agreement to let him have it * * *."

"* * * I don't propose to let you make an accounting suit out of this, this is a question respecting title. * * *"

Even if such restriction of the issues had been an abuse of discretion, the defendant is not in a position to complain about it. In the case of *Ludlow* v. *Colorado Animal By-Products Company*, 104 Utah 221, 137 P. 2d 347, 354, we said:

"A party who takes a position which either leads a court into error or by conduct approves the error committed by the court, cannot later take advantage of such error in procedure."

Nevertheless, there seems to be some justification for prosecution of this appeal by defendant because of his apprehension that, unless he pressed his claim for greater contributions in the acquisition of these properties, his right to subsequently assert it may be lost by reason of res adjudicata. He need have no fear in

that regard. The judgment of the court below quieting title to a one-half interest in the Yellow Circle claims to the plaintiff was based upon the original agreement between the parties that each should receive a one-half interest in the property they acquired and the determination made by the court that the agreement applied to this property. The issue as to an accounting between the parties was expressly excluded and remains undetermined. Under those circumstances, a plea of res adjudicata would not bar defendant from litigating his rights to an adjustment of accounts with plaintiff if that becomes necessary.

A case pertinent to the matter is *Schleicher* v. *Schleicher*, 120 Conn. 528, 182 A. 162, 163, 104 A. L. R. 572, where a prior action had been brought to determine the title to realty and plaintiff thereafter sought to recover sums expended by him on the property including taxes and interest on a mortgage. In answer to a plea of res adjudicata, the court said:

"* * * The judgment in the former action does not preclude the plaintiff from a recovery in this action of the sums allowed by the trial court. His present claim is the outgrowth of the judgment which denied his title to the land. Until the fact that the defendant was the true owner had been determined, the present action would not lie. While it might have been possible to broaden the scope of the former action to include a determination of the right of the plaintiff to recover for the expenditure made by him, this matter was not involved in the question of title to the land actually liquidated, and was not within the scope of the complaint in that action. The present ground of claimed recovery is distinct and severable from the claim made and litigated there. * * *"

See also *Glen Allen Mining Co.* v. *Park Galena Mining Co.*, 77 Utah 362, 296 P. 231; *Brownstin* v. *Brelle*, 3 Wash. 2d 343, 101 P. 2d 321.

For the considerations herein above delineated, it should be apparent that no useful purpose would be served to remand this case with directions to take an accounting between these parties and others necessary to a determin-

ation of their rights. However, justice does require that the judgment herein not be considered as res adjudicata of any rights the defendant may have to adjust his accounts with the plaintiff and to assert any claim against this property to which his contribution may in equity entitle him.

Defendant raises a further contention that the trial court erred in finding that he had agreed to transfer his interest in the claims to the corporation which was to be organized. This finding is totally immaterial to the issues involved in the case, and is in no way prejudicial error entitling defendant to a reversal.

Judgment of the lower court is affirmed. Each party to bear its own costs.

WOLFE, C. J., and WADE, McDONOUGH and HENRIOD, JJ., concur.